**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC.<br><br>Debtor | Case No. 10-04905-BKT<br><br>CHAPTER 11 |
| MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC.<br><br>Plaintiff<br><br>v.<br><br>INDEPENDENT MUNICIPALITY OF MAYAGUEZ ET ALS.<br><br>Defendants | Adversary No. 10-000148<br><br>Declaratory Judgment, Collection of Monies and Injunctive Relief |

**ANSWER TO VERIFIED COMPLAINT**

TO THE HONORABLE BRIAN K. TESTER
UNITED STATES BANKRUPTCY JUDGE:

COME NOW Defendants Mayagüez Medical Center-Dr. Ramón Emeterio Betances, Inc. ("MMC") and Sistemas Integrados de Salud del Sur Oeste, Inc. ("SISSO"), through their undersigned counsel, and in answering the Verified Complaint in this action, states and alleges:

1. The allegations contained in ¶¶ 1, 2, 3, 4, 5, 6, 13, 14, 20, 21, 22, 26, 27, 51, 84, 85, 86, 87, 88, 92, 93, 94, 96, 105, 106, 107, and 138 of the Verified Complaint are jurisdictional averments, legal conclusions, speculation from

1

counsel, which do not require a response. In the event that they do, they are denied.

 2. With respect to the allegations contained in ¶ 7 of the Verified Complaint, MMC and SISSO deny that Debtor's "sole business endeavor is to lease the medical center from the Municipality of Mayagüez and sub-lease it to different providers of medical and medical related services". The remaining allegations of ¶ 7 of the Verified Complaint are admitted.

 3. The allegations contained in ¶¶ 8, 9, 16, 24, 100, 101, 102, 103, 104, 131, 132, 133, 134, 135, and 136 of the Verified Complaint do not pertain to MMC and SISSO and as such they do not require a response from them. In the event that they do, they are denied for lack of knowledge or information sufficient to form a belief as to their veracity.

 4. MMC and SISSO admit the allegations contained in ¶¶ 10, 15, 32, 79, and 89 of the Verified Complaint. The documents referred to therein speak for themselves.

 5. MMC and SISSO deny the allegations contained in ¶¶ 11, 12, 17, 18, 19, 23, 50, 62, 63, 65, 70, 71, 73, 74, 75, 77, 80, 83, 91, 97, 98, 99, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 137, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, and

149 of the Verified Complaint. The documents referred to therein speak for themselves.

6. With respect to the allegations contained in ¶ 25 of the Verified Complaint, MMC and SISSO admit that Mr. José L. Quirós is the principal stockholder of MMC and Manati Medical Center. The remaining allegations of ¶ 25 of the Verified Complaint are denied.

7. The allegations contained in ¶¶ 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 47, 48, 49, 52, 53, 54, 55, 58, 59, 60, 66, 67, 68, and 72 of the Verified Complaint are denied for lack of knowledge or information sufficient to form a belief as to their veracity. The documents referred to therein speak for themselves.

8. With respect to the allegations contained in ¶ 39 of the Verified Complaint, MMC and SISSO admit that Dr. Orestes Castellanos, Dr. Edwin Rodríguez Aponte and Mr. Pedro J. Montes García were owners of controlling interest of SISSO stock upon incorporation. The remaining allegations of ¶ 39 of the Verified Complaint are denied for lack of knowledge or information sufficient to form a belief as to their veracity.

9. With respect to the allegations contained in ¶ 40 of the Verified Complaint, MMC and SISSO admit that Dr. Orlando Marini acquired controlling interest in SISSO. The remaining

allegations of ¶ 40 of the Verified Complaint are denied for lack of knowledge or information sufficient to form a belief as to their veracity.

10. With respect to the allegations contained in ¶ 56 of the Verified Complaint, MMC and SISSO admit that SISSO required MARC to pay its rent and that MARC refused. The remaining allegations of ¶ 56 of the Verified Complaint are denied.

11. With respect to the allegations contained in ¶ 57 of the Verified Complaint, MMC and SISSO admit that on November 13, 2009, Dr. Marini became the sole stockholder of SISSO until February 3, 2010. The remaining allegations of ¶ 57 of the Verified Complaint are denied for lack of knowledge or information sufficient to form a belief as to their veracity.

12. With respect to the allegations contained in ¶ 61 of the Verified Complaint, MMC and SISSO admit that a check issued to the Municipality for the sum of $75,000 was returned for insufficient funds. The remaining allegations of ¶ 61 of the Verified Complaint are denied as drafted.

13. With respect to the allegations contained in ¶ 64 of the Verified Complaint, MMC and SISSO deny that SISSO breached any contract with MEDHS. The remaining allegations of ¶ 64 of the Verified Complaint are admitted.

14. With respect to the allegations contained in ¶ 69 of the Verified Complaint, MMC and SISSO require a more definite statement as to what meeting the allegation refers to. In any event, it is affirmatively pleaded that the moratorium of rent requested and granted ion December 28, 2009, applied to SISSO, MEDHS and MMC. The remaining allegations of ¶ 69 of the Verified Complaint are denied.

15. With respect to the allegations contained in ¶ 76 of the Verified Complaint, MMC and SISSO admit that Dr. Marini offered $400,000 for control of MEDHS and that Dr,. Castellanos refused. The remaining allegations of ¶ 76 of the Verified Complaint are denied as drafted.

16. With respect to the allegations contained in ¶ 78 of the Verified Complaint, MMC and SISSO admit that on January 28, 2010 the Municipality terminated its contract with MEDHS and SISSO. The remaining allegations of ¶ 78 of the Verified Complaint are denied.

17. With respect to the allegations contained in ¶ 81 of the Verified Complaint, MMC and SISSO deny that Dr. Marini had no authority to speak for MEDHS. The remaining allegations of ¶ 81 of the Verified Complaint are admitted.

18. With respect to the allegations contained in ¶ 82 of the Verified Complaint, MMC and SISSO admit that Dr. Marini

5

accepted the termination of the contract and turned over the Hospital to the Municipality. The remaining allegations of ¶ 82 of the Verified Complaint are denied.

19. With respect to the allegations contained in ¶ 90 of the Verified Complaint, MMC and SISSO admit that SISSO did not pay rent to MEDHS from November, 2009 through January 28, 2010, but also affirmatively pleads that it paid the Municipality rent for those months and for all others to date. The remaining allegations of ¶ 90 of the Verified Complaint are denied.

20. The allegations contained in ¶ 95 of the Verified Complaint are unintelligible and a more definite statement is required. In the alternative, they are denied.

21. Any allegation of the Verified Complaint which has not been expressly admitted, including the Prayer for Relief, is deemed denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim for relief against MMC and SISSO.

2. MEDHS comes to this Court with unclean hands and is barred from seeking any relief by virtue of the doctrine of laches.

3. It is also estopped from challenging the situation its course of conduct created.

4. The Municipality terminated its contract with MEDHS and SISSO for the lease of the Hospital effective on January 28, 2010. As a result, all contracts entered into by MEDHS in connection with the Hospital, including the contract between MEDHS and SISSO and MEDHS and MARC, were also terminated.

5. SISSO has no obligations to MEDHS and did not breach the agreement entered into between them while it was effective.

6. MMC did not tortiously interfere with the contract between the Municipality MEDHS and SISSO. The original agreements called for MMC to gain control of MEDHS and SISSO, but MEDHS later reneged.

7. MEDHS breached its contract with the Municipality, put in danger the health of the citizens of the Municipality.

8. Plaintiff has suffered no irreparable injury.

9. Plaintiff failed to state a cognizable claim under section 1983.

10. Plaintiff failed to plead: (1) that the defendants acted under color of state law; (2) that the plaintiffs were deprived of federally protected rights, privileges, or immunities; and (3) that the defendants' alleged conduct was causally connected to the plaintiff's deprivation.

11. Plaintiff has similarly failed to set forth an actionable RICO claim.

12. Plaintiff has failed to allege "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity."

13. Plaintiff has failed to plead mail or wire fraud with specificity.

14. Plaintiff has failed to plead that all of the elements of a substantive criminal offense, [i.e.] that he adopt the goal of furthering or facilitating the criminal endeavor.

15. Plaintiff has failed to allege the existence of at least one overt act by a defendant in furtherance of a RICO conspiracy and the assent of each defendant to the conspiracy.

16. MMC and SISSO reserve the right to amend their Affirmative Defenses and their Answer to the Verified Complaint.

WHEREFORE, MMC and SISSO respectfully request this Honorable Court to enter judgment in their favor dismissing the Verified Complaint with prejudice, awarding it costs, disbursements, reasonable attorney's fees, and granting such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 16th day of October, 2010.

I HEREBY CERTIFY: That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of the filing to parties in interest.

```
                                    s/ Jorge I. Peirats
                                    PIETRANTONI MENDEZ & ALVAREZ LLP
                                    Popular Center, 19th Floor
                                    209 Muñoz Rivera Avenue
                                    San Juan, Puerto Rico 00918
                                    Telephone: (787) 274-1212
                                    Fax: (787) 274-1470

                                    Jorge I. Peirats
                                    USDC No. 201409
                                    jpeirats@pmalaw.com
```