IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:**<br>**MEDICAL EDUCATIONAL & HEALTH SERVICE, INC.**<br><br>*Debtor* | CASE NO.: 10-04905 (BKT)<br><br>CHAPTER 11 |
| **MEDICAL EDUCATIONAL & HEALTH SERVICE, INC.**<br><br>*Plaintiff*<br><br>v.<br><br>**INDEPENDENT MUNICIPALITY OF MAYAGUEZ; ET AL.**<br><br>*Defendants* | **ADVERSARY NO.: 10-00148**<br><br>RE: BREACH OF CONTRACT, SPECIFIC PERFORMANCE, TORTIOUS INTERFERENCE WITH BUSINESS RELATION, R.I.C.O., INJUNCTION AND DAMAGES<br>PLAINTIFF DEMANDS TRIAL BY JURY |

**MOTION FOR *SINE DIE* EXTENSION OF TIME TO ANSWER THE VERIFIED COMPLAINT
OR OTHERWISE PLEAD**

**TO THE HONORABLE BANKRUPTCY COURT:**

COMES NOW, the MUNICIPALITY OF MAYAGUEZ ("MAYAGUEZ"), through the undersigned counsel, and respectfully states and pray as follows:

1. On September 1, 2010, Plaintiff Medical Educational & Health Service, Inc. ("MEDHS"), filed before this Honorable Court a *Verified Complaint* which includes eight (8) named defendants, along with other presently unidentified co-defendants.

2. At present time, Mayaguez is aware of only six (6) defendants having been served with the *Verified Complaint*. To wit, Dr. Orlando Marini, Mayaguez Medical Center-Dr. Ramon Emeterio Betances, Inc., Manatí Medical Center-Dr. Otero López, Inc., José L. Quirós-Jorge, Mirla Cruz-Ortega, and Mayaguez itself.

3. As previously stated, the Verified Complaint contains 53 pages and 149 averments.

4. Furthermore, it includes some 37 exhibits consisting of approximately 500 pages. Of these 500 pages, about 30 pages are pictures or a document in the English language. See Exhibits 10 & 33 of the Verified Complaint.

5. The rest, or about 450 pages of exhibits to the Verified Complaint, are found in the Spanish language.

6. As will be explained, this currently is cause for hesitation for Mayaguez to answer or otherwise plead as L.Cv.R. 5(g) for the District of Puerto Rico in its pertinent part clearly establishes that:

> All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.

7. Presently, Mayaguez is not aware of MEDHS having requested leave from this Honorable Court to file the exhibits

in Spanish without having been translated or if an extension of time was requested for that endeavor.

8. Nevertheless, and because of the indubitable fact that this extensive exhibit list of documents, of which reference is continuously made throughout the averments of the Verified Complaint, have not been translated is that Mayaguez requests for a *sine die* extension to file an answer to complaint or otherwise plead until such time as MEDHS files the English translation as required by L.Cv.R. 5(g).

9. The aforementioned in accordance and as required by Section 42 of the Jones Act which mandates that "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." See *48 U.S.C. § 864*; see also *United States v. De Jesus Boria, 518 F.2d 368, 370-71 (1st Cir. 1975)* (upholding the constitutionality of the English language requirement). This requirement is significant not only because it guarantees that the District of Puerto Rico remains "a viable part of the federal judicial system," *United States v. Valentine, 288 F. Supp. 957, 964 (D.P.R. 1968)*, but also because it allows this Court, or any higher Court, to review evidence in the same language in which it was presented to this Honorable Court, even at this stage of pleadings.

10. Further consideration should also be given by this Court to the extensiveness of the pleadings propounded by MEDHS and the documents included as exhibit.

11. Comity or courtesy by MEDHS to the other parties involved in this adversarial proceeding, hinging on the dubious viability of this Chapter 11 bankruptcy filing, should be no less before forcing all others, and specially this Municipality, to invest resources that other more pressing situations require, until such time as plaintiff is able to present the English translation of the exhibits.

12. Otherwise, and until that time, resources would be used and considerable expenses would be incurred that may very well would have been unnecessary.

13. Finally, those exhibits that accompany the Verified Complaint and to which reference is repeatedly made, are not yet part of the record. Thus, creating the potential confusing situation of having to file an answer and make reference to documents that are not yet, and maybe never will be, part of the docket of this adversarial proceeding before this Honorable Court.

**WHEREFORE**, and in consideration of the above-stated, defendant Mayaguez requests a *sine die* extension of time to answer the complaint or otherwise plead of up to thirty (30)

days until such time as plaintiff MEDHS files the English translation of all the exhibits accompanying the Verified Complaint.

I hereby certify that on October 20, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED.** At San Juan, Puerto Rico, this 20th day of October, 2010.

*S/ ANTONIO VALIENTE*
**ANTONIO VALIENTE**
USDC-PR No. 213906

QUIÑONES & ARBONA LAW OFFICES, PSC
ATTORNEYS FOR THE MUNICIPALITY OF MAYAGUEZ
P.O. BOX 19417
SAN JUAN, PUERTO RICO 00910
TEL: 787-620-6776
FAX: 787-620-6777
avaliente@qalawpr.com