**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| MEDICAL EDUCATIONAL & HEALTH SERVICE, INC. | * * * | CASE NO. 10-04905 (BKT) |
| Debtor | * | CHAPTER 11 |
| ***************************************************** | | |
| | * | |
| MEDICAL EDUCATIONAL & HEALTH SERVICE, INC. | * * * | ADVERSARY NO. 10-00148 |
| Plaintiff | * * | RE: BREACH OF CONTRACT; SPECIFIC PERFORMANCE; TORTUOUS INTERFERENCE WITH |
| INDEPENDENT MUNICIPALITY OF MAYAGUEZ, ET AL. | * * * | BUSINESS RELATIONS; R.I.C.O.; INJUNCTION AND DAMAGES |
| Defendants | * | |
| ***************************************************** | | |

**ANSWER TO VERIFIED COMPLAINT**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW, Dorado Health, Inc. d/b/a Manatí Medical Center-Dr. Otero López (hereinafter jointly "**Manatí-Med**")[1] and José L. Quirós-Jorge, in his personal capacity (hereinafter "**Quirós**"), through their undersigned attorney and very respectfully, allege and pray as follows:

A. **Answer to the Verified Complaint**:

1. The allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 14, 19, 20, 21, 22, 24, 26, 27, 51, 92, 93, 94, 96, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 115, 118, 119, 120, 123, 124, 132, 134, 135, 136 and 138 of the Verified Complaint are either jurisdictional averments, legal conclusions and requests of legal remedies or speculative commentaries, personal opinions, unfounded assumptions and biased suppositions from

---

[1] Dorado Health, Inc. is the owner and parent company of the Manatí Medical Center-Dr. Otero López. In order to simplify the proceedings, Dorado Health, Inc. voluntarily submits itself to the jurisdiction of this Honorable Court.

-1-

Plaintiff's counsel, which do not require an specific affirmative response from the herein appearing parties. In the event that all or any of them do require an specific affirmative response from the herein appearing parties, then it (they) is (are) hereby denied.

2. The allegations contained in Paragraphs 7, 8, 9, 10, 11, 12, 23, 83, 84, 86, 87, 88, 116, 117, 121, 122, 125, 126, 127, 133, 144, 145, 146 and 147 of the Verified Complaint are addressed to other co-defendants and not to any of the herein appearing parties and, therefore, they do not require a responsive answer from any of them. In the event that they do require an specific affirmative response from the herein appearing parties, all of them are hereby denied.

3. The allegations contained in Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 80, 90, 97, 98, 99 and 131 are denied for lack of knowledge and/or sufficient information from the herein appearing parties as to form a belief as to their truthfulness and veracity and/or to advance an adequate, qualified and precise answer and/or an affirmative defensive allegation.

4. The allegations contained in Paragraphs 13, 17, 18, 85, 110, 111, 128, 129, 130, 137, 139, 140, 141, 142, 143, 148 and 149 are hereby totally denied

5. The allegations contained in Paragraphs 15, 81 and 89 of the Verified Complaint are hereby accepted

6. As to the allegations contained in Paragraph 16 of the Verified Complaint, it is accepted that Manatí-Med is an entity that provides medical related services to the general public. The rest of the allegations of Paragraph 16 of the Verified Complaint are hereby denied.

7. As to the allegations contained in Paragraph 25 of the Verified Complaint, it is accepted that Quirós is the principal stockholder and the person in effective control of MMC and Manatí-Med. The rest of the allegations of Paragraph 25 of the Verified Complaint are hereby denied.

8. As to the allegations contained in Paragraphs 72, 73, 74, 75 and 76 of the Verified Complaint, it is accepted that a meeting was held on January 5, 2010. The rest of the allegations of Paragraphs 72, 73, 74, 75 and 76 of the Verified Complaint are hereby denied as drafted.

9. As to the allegations contained in Paragraphs 77, 78 and 79 of the Verified Complaint, it is accepted that a meeting was held on January 19, 2010 and that the mayor of the Municipality of Mayaguez sent a letter dated January 28, 2010 to MEDHS. The rest of the allegations of Paragraphs 77, 78 and 79 of the Verified Complaint are hereby denied as drafted.

10. As to the allegations contained in Paragraph 82 of the Verified Complaint, it is accepted that SISSO's president accepted the termination of the operation and management agreement subscribed between MEDHS, SISSO and the Municipality of Mayaguez. Except for the allegation regarding the acceptance of the termination of the described operation and management agreement, the rest of the allegations of Paragraph 82 of the Verified Complaint are hereby denied.

11. As to the allegations contained in Paragraph 91 of the Verified Complaint, it is accepted that co-defendant MMC obtained the corporate control of SISSO and that on January 29, 2010, MMC signed a new operation and management agreement with the Municipality of Mayaguez for the operation and management of the Mayaguez Medical Center. The rest of the allegations of Paragraph 91 of the Verified Complaint are hereby denied.

12. As to the allegations contained in Paragraph 95 of the Verified Complaint, it is accepted that co-defendant MMC, through counsel Antonio J. Santos, presented to the Puerto Rico Health Department, through the Secretary of Health, a request for cancellation and new issuance of certain certificates of need related to the operation of the Mayaguez Medical Center; that such request was based on the representation of change of control of the Mayaguez Medical Center and that MEDHS was no notified of said filing. The rest of the allegations of

Paragraph 95 of the Verified Complaint are hereby denied as drafted.

B.  **Quirós' Affirmative Defenses**:

1. The Complaint, as drafted, fails to state a claim upon which relief can be granted against Quirós, in his personal capacity, inasmuch as any and all possible and personal participation of Quirós in regard to any and all of the events that culminated with the subscription of the Management and Operation Agreement of the Mayaguez Medical Center, entered into by and between the Municipality of Mayaguez and MMC, on January 29, 2010, for the leasing and management of the Mayaguez Medical Center ("**Management and Operation Agreement**"), was executed, pursued and/or performed by him first as organizer and promoter [incorporator] and latter as corporate officer [president] of MMC, in his normal management of the corporate business affairs of MMC and on behalf and for the only and total benefit of MMC, which is an existing corporation duly organized and existing under the corporate laws of Puerto Rico.

2. At all pertinent times to the Complaint and to the subscription of the Management and Operation Agreement, Quirós acted in his official capacity as president and chief executive officer of MMC; and, therefore, Quirós is not liable, in his personal capacity, for the redress of damages requested in and/or object of the Complaint.

3. At all pertinent times to the Complaint and to the subscription of the Management and Operation Agreement, Quirós behaved with that level of corporate care, which a reasonable person in similar circumstances would had used.

4. At all pertinent times to the Complaint and to the subscription of the Management and Operation Agreement, Quirós acted in an informed, rational, reasonable, fair and in good faith manner, on behalf of MMC and all other involved parties.

5. At all pertinent times to the Complaint and to the subscription of the Management and Operation Agreement, Quirós was(is) shielded from being personally liable for the

obligations and/or debts of MMC. In Puerto Rico, the stockholders of a corporation are not personally liable for the obligations of the corporation, beyond the amount of their capital contribution. Likewise, In Puerto Rico, the directors and officers of a corporation are not personally liable for the obligations of the corporation.

6. At all pertinent times to the Complaint and to the subscription of the Management and Operation Agreement, MMC was adequately capitalized and it complied with all corporate formalities.

7. At all pertinent times to the Complaint and to the subscription of the Management and Operation Agreement, Quirós have no-conflicting self-interest contrary or adverse to the corporate interests of MMC.

8. In Puerto Rico, the stockholders, directors and/or officers of a corporation are not personally liable for the effects and/or eventual outcome of the corporate business decisions taken by the corporation in its normal and ordinary course of business.

C. **Manatí Med's Affirmative Defenses**:

9. The Complaint, as drafted, fails to state a claim for relief against Manatí-Med, inasmuch as the latter do not have any business interest whatsoever in the Management and Operation Agreement and/or in the management of the Mayaguez Medical Center and/or in MMC.

10. Manatí-Med neither participated, directly or indirectly, in the negotiations regarding the Management and Operation Agreement, nor it has any kind of business involvement, business interest, partnership or business joint venture with MMC to manage the Mayaguez Medical Center and/or to profit, directly or indirectly, from MMC's management of the Mayaguez Medical Center.

11. Manatí-Med neither received [and do not actually receive, and it will not receive in the future] any kind of economic or material benefit and/or profit and/or gain and/or business

advantage from MMC's management of the Mayaguez Medical Center, nor from MMC's negotiations with the Municipality of Mayaguez for the leasing and eventual management of the Mayaguez Medical Center.

12. Manatí-Med do not have any kind of corporate business interest and/or ownership and/or undertaking and/or business activity in and with MMC.

13. Manatí-Med is neither a partner nor a business associate or affiliate of MMC in regard to the leasing and management of the Mayaguez Medical Center, nor it participated in the negotiations between the Municipality of Mayaguez and MMC that culminated in the drafting, subscription and fulfilment of the Management and Operation Agreement.

14. Manatí-Med is not bound by any of the provisions of the Operation and Management Agreement.

15. Manatí-Med is a non-participant, innocent and blameless party in all pertinent or related matters regarding the negotiation, subscription and eventual fulfilling of the Operation and Management Agreement subscribed by and between the Municipality of Mayaguez and MMC for the leasing and management of the Mayaguez Medical Center.

16. Manatí-Med is not the beneficiary, directly or indirectly, of any economical or business gain, right, asset, accommodation, dividend, percentage, prerogative, assignment, value, aid, donation, stock, commodity, possession or endowment which might have its foundation in the Operation and Management Agreement and/or in MMC's leasing and management of the Mayaguez Medical Center.

D. **<u>Affirmative Defenses Common to both Quirós and Manatí-Med</u>**:

17. Neither Quirós, nor Manatí-Med tortuously or otherwise interfere with the prior management contract entered into by and between the Municipality of Mayaguez, MEDHS and SISSO for the management of the Mayaguez Medical Center.

18. The Municipality of Mayaguez terminated, for justified cause, its contract with MEDHS for the lease and management of the Mayaguez Medical Center prior to the subscription of the Management and Operation Agreement.

19. The direct and proximate cause for the termination and/or cancellation of the lease and management agreement entered into by and between MEDHS and the Municipality of Mayaguez for the management of the Mayaguez Medical Center, was MEDHS' multiple voluntary, unreasonable and unjustified breaches of its provisions and MEDHS' lack of adequate capitalization to fulfill its contractual obligations under the agreement; and, therefore, all the economic damages that MEDHS might have suffered, as alleged in the Complaint, are self-inflicted.

20. The damages alleged and claimed in the Complaint were the result of the sole and exclusive negligent acts and omissions of MEDHS' president, Dr. Orestes Castellanos and MEDHS' secretary Mr. Pedro J. Montes-García , whom must assumed the risks of their own actions and whom are the sole persons responsible, actionable and liable for MEDHS' business decisions and affairs, and, therefore, of MEDHS's business failures and economic damages.

21. Plaintiff's request of redress of damages is grossly exaggerated and speculative.

22. Neither Quirós, nor Manatí-Med are liable for the redress of damages caused to MEDHS, if any, by third parties not under their immediate control.

23. Plaintiff have failed to exercise reasonable efforts to mitigate any damage that it may have suffered.

24. Plaintiff have not suffered damages on account of any personal or corporate acts or omissions of Quirós or Manatí-Med.

25. MEDHS comes to this Court with unclean hands.

26. MEDHS is barred from challenging the situation its own course of conduct created.

27. Plaintiff has suffered no irreparable injury.

28. Plaintiff failed to state a cognizable claim under section 1983 of the USCA against Quirós and/or Manatí-Med.

29. Plaintiff has failed to set forth an actionable RICO claim.

30. Plaintiff has failed to allege "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity" against Quirós and/or Manatí-Med.

31. Plaintiff has failed to plead against Quirós and/or Manatí-Med all of the elements of a substantive criminal offense, [i.e.] that Quirós or Manatí-Med adopted the goal of furthering or facilitating a criminal endeavor.

32. Plaintiff has failed to allege the existence of at least one overt act by Quirós and/or by Manatí-Med in furtherance of a RICO conspiracy and their assent to the alleged conspiracy.

33. Plaintiff has failed to plead mail or wire fraud with specificity.

34. MEDHS is not a bona-fide non-profit corporation and, therefore, its corporate veil should be pierced.

35. The referred directors and officers of MEDHS have fraudulently siphoned and drained out MEDHS's corporate assets for their own personal benefit, in contravention to their corporate fiduciary duties.

36. At all pertinent times to the Complaint, MEDHS was inadequately capitalized.

37. There is no causal relationship between the actions and/or omissions of Quirós and/or of Manatí-Med and the alleged damages claimed by Plaintiff.

38. The Plaintiff has been obstinate, temerarious and frivolous in filling the above captioned Complaint against Quirós and Manatí-Med, and, therefore, must be condemned to the payment of attorney's fees in favor of the appearing parties.

39. The Complaint is time barred and subject to laches.

40. Quirós and Manatí-Med reserve their right to amend this answer to the Verified Complaint as well as to further supplement or modify the answers and affirmative defenses as well as to file such additional actions as may be required and appropriate, depending on the investigations that may be performed, the discovery that will be conducted and the facts and information that may develop as a result thereof.

WHEREFORE, both co-defendant herein very respectfully requests this Honorable Court to enter judgment in their favor dismissing the Verified Complaint with prejudice, awarding them costs, disbursements, reasonable attorney's fees, and granting such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th. day of October, 2010.

I hereby certify that on this date a true and exact copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the entities or persons registered in the system.

S/ KERMIT ORTIZ-MORALES
KERMIT ORTIZ-MORALES
USDC No. 201606
kermitortiz@prtc.net
470 Ave. César L. González
San Juan, Puerto Rico 00918-2627
Telephone: (787) 763-8989
Facsimile: (787) 274-8390