7696-0104

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:**<br>**MEDICAL EDUCATIONAL & HEALTH SERVICE, INC.**<br><br>*Debtor* | CASE NO.: 10-04905 (BKT)<br><br>CHAPTER 11 |
| **MEDICAL EDUCATIONAL & HEALTH SERVICE, INC.**<br><br>*Plaintiff*<br><br>v.<br><br>**INDEPENDENT MUNICIPALITY OF MAYAGUEZ; ET AL.**<br><br>*Defendants* | **ADVERSARY NO.: 10-00148**<br><br>RE: BREACH OF CONTRACT, SPECIFIC PERFORMANCE, TORTIOUS INTERFERENCE WITH BUSINESS RELATION, R.I.C.O., INJUNCTION AND DAMAGES<br>PLAINTIFF DEMANDS TRIAL BY JURY |

### ANSWER TO VERIFIED COMPLAINT

**TO THE HONORABLE BANKRUPTCY COURT:**

**COME NOW**, The Municipality of Mayagüez, represented by its Mayor Jose Guillermo Rodriguez-Rodriguez, (the "Municipality") through its undersigned counsel and respectfully States, Alleges and Prays as follows:

### I.   Introduction

1.   The allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 14, 19, 26, 92, 93, 94, 96, 100, 101, 102, 104, 105, 106, , 108, 109, 112, 114, 115, 118, 120, 123, 124, 126, 127, 132, 134, 135, 136, 138, of the Verified Complaint do not require a

responsive pleading since they are either jurisdictional averments, legal conclusions, request of legal remedies, personal opinions and unfounded assumptions. Nonetheless if an answer is needed all of the aforementioned allegations are denied.

2. Paragraphs 11, 12, 15, 16, 17, 20, 21, 22, 23, 24, 25, 27, 33, 34, 35, 39, 40, 52, 56, 57, 58, 59, 62, 63, 64, 65, 67, 71, 81, 83, 84, 85, 87, 88, 90, 95, 98, 116, 119, 121, 122, 125, 144, 147 do not require a responsive pleading from the appearing defendants since they are addressed to other co-defendants. Nonetheless if an answer is needed the aforementioned paragraphs are denied.

3. Paragraphs 28, 29, 30, 37, 38 of the Verified Complaint are admitted.

4. Paragraphs 46, 47, 48, 53, 54, 55 and 60, of the Verified Complaint are denied as drafted.

5. Paragraphs 13, 18, 51, 60, 68, 69, 70, 80, 86, 103, 107, 109, 110, 111, 113, 117, 128, 129, 130, 133, 137, 139, 140, 141, 142,, 143, 145, 146, 147, 148, 149 of the Verified Complaint are denied.

6. From Paragraphs 72, 73, 74, 75 and 76 of the Verified Complaint it is admitted that a meeting was held on January 5, 2010. The rest of the aforementioned paragraphs are denied as drafted.

7. Paragraphs 68, 97, 99 are denied for lack of information and/or belief as to the averments contained in the same. Nonetheless, if an answer is needed, they are denied.

8. From Paragraphs 77, 78 and 79 of the Verified Complaint it is admitted that a meeting was held on January 19, 2010. It is also admitted that The Mayor sent a letter to Dr. Orestes Castellans dated January 28, 2010. The rest of the allegations of the aforementioned paragraphs are denied as drafted.

9. From Paragraph 7 of the Verified complaint it is admitted that MEDS was established as a corporation under the laws of Puerto Rico and that it executed a contract with the Municipality to, among other things, operate and administer the Mayaguez Medical Center a/k/a the Ramón Emetrio Betances Hospital ("Hospital"). The rest of the paragraph is denied for lack of information and/or belief as to the averments contained in the same. Nonetheless, if an answer is needed, it is denied.

10. Paragraph 8 of the Verified Complaint is denied as drafted. Nonetheless, it is affirmatively alleged that the Municipality has legal capacity to sue and be sued and that both its Honorable Mayor José Guillermo-Rodriguez (the "Mayor") and its Municipal Assembly are freely and directly elected by voters.

11. The first sentence of Paragraph 9 of the Verified Complaint is admitted. It is also admitted that Marisel Mora is the wife of the Mayor. The rest of Paragraph 9 of the Verified Complaint is denied.

12. Paragraph 10, of the Verified Complaint is denied as drafted. Nonetheless, it is affirmatively alleged that SISSO was the guarantor of MEDHS obligations under the contract the latter executed with the Municipality.

13. Paragraph 31 of the Verified Complaint is denied as drafted. Nonetheless it is affirmatively alleged that from 2006 until the contract for the administration of the Hospital was executed MEDHS and the Municipality engaged in negotiations.

13. From Paragraph 32 of the Verified Complaint it is admitted that MEDHS was a nonprofit corporation and that SISSO was a for-profit corporation. The rest of the allegations contained in Paragraph 32 of the Verified Complaint are denied as drafted.

14. The first sentence of Paragraph 36 of the Verified Complaint is denied. From the second sentence of Paragraph 36 of the Verified Complaint it is admitted that Carlos Nieves, Esq., received an email from Orestes Castellanos requesting the production of a document that would establish the business relationship between the Municipality and MEDHS. The third sentence of paragraph 36 of the Verified Complaint is denied for

lack of information and/or belief as to the averments contained in the same. Nonetheless, if an answer is needed, it is denied. From the last sentence of Paragraph 36 of the Verified Complaint it is admitted that Carlos Nieves, Esq., on behalf of the Municipality sent an email to Dr. Castellanos on July 17, 2009. It is also admitted that the aforementioned email detailed some of the documents that MEDHS and SISSO needed to obtain in order to execute the contract for the operation and administration of the Hospital and that SISSO would be included in said contract as guarantor of MEDHS obligations.

15. From Paragraph 41 of the Verified Complaint it is admitted that through a letter dated August 19th, 2009, the Mayor notified MEDHS of the Municipality's intention to execute the contract for the operation and administration of the Hospital provided that MEDHS complied with certain requirements. It is also admitted that MEDHS and the Municipality signed the contract for the operation and administration of the Hospital on August 27, 2009. The rest of paragraph 41 of the Verified Complaint is denied as drafted.

16. Paragraph 42 of the Verified Complaint is denied as drafted. Moreover, It is affirmatively alleged that the Municipality informed MEDHS throughout the negotiations that were held from 2006 until the execution of the contract that it had filed an Eviction Complaint before the Puerto Rico Court of

First Review, Mayagüez Part on case Number ISCI2006-01445 (306), captioned as *Advanced Cardiology v. Municipio de Mayagüez* against the prior administrators of the Hospital. It is also alleged that since the Municipality was engaged in litigation with the then administrators of the Hospital it had no access to the same. Moreover it is affirmatively alleged that MEDHS through its President Dr. Castellanos was fully aware of the conditions of the Hospital prior to the execution of the contract and that it was Mr. Castellanos the person who constantly informed the Municipality of its condition. Finally, it is affirmatively alleged that, after the Eviction Order was issued by the Commonwealth Courts, MEDHS was fully aware that the eviction of the prior administrators was going to be made on August 31, 2009, and that on that same date the Municipality would transfer MEDHS the possession of the Hospital for its operation and administration.

17. Paragraph 44 of the Amended Complaint is denied as drafted. Nonetheless it is affirmatively alleged that the Municipality had no access to the Hospital since it was engaged in a legal proceeding with Advanced Cardiology Center ("ACC"), prior administrators of the Hospital.

18. Paragraph 45 of the Verified Complaint is denied as drafted. Nonetheless, it is affirmatively alleged that The Mayor gave a press conference regarding, among other things, the

Trauma Ward of the Hospital. It is also affirmatively alleged that MEDHS had full knowledge of the aforementioned conference and of the topics that would be covered in the same.

19. Paragraph 49 of the Verified Complaint is denied as drafted. Nonetheless it is affirmatively alleged that on October 8th, 2009, The Mayor and Dr. Orestes Castellanos signed a letter. The content of the aforementioned letter speaks for itself.

20. From Paragraph 50 of the Amended Complaint it is admitted that on October 14, 2009, the Municipality sent a letter to SISSO's Finance Director regarding its petition for an extension of time to submit financial reports. Moreover it is alleged that the content of the aforementioned letter speaks for itself. The rest of Paragraph 50 of the Verified Complaint does not require an answer from the appearing defendants. Nonetheless if an answer is needed the same is denied.

21. From Paragraph 61 of the Verified Complaint it is admitted that MEDHS issued a check to the Municipality for the payment of rent owed which was returned (or "bounced") for lack of funds. The rest of Paragraph 61 of the Verified Complaint is denied as drafted.

22. From Paragraph 66 of the Verified Complaint it is admitted that on December 9, 2010, the Municipality sent a letter to Dr. Orestes Castellanos, President of MEDHS, informing him that the check made in order to pay the rent for the month

of November 2009, bounced for lack of funds and that it had 15 days to make the corresponding payment, or the Municipality will proceed to enforce the remedies provided by the contract issued between them. The rest of paragraph 66 of the Verified Complaint does not require a responsive pleading from the appearing defendant. Nonetheless if an answer is needed the aforementioned paragraphs are denied.

    23. From Paragraph 78 of the Verified Complaint it is admitted that through a letter dated January 28, 2010, the Municipality terminated the contract issued with MEDHS in order to administer the Hospital for their failure to comply with several of their obligations under the same. The rest of Paragraph 78 of the Verified Complaint is denied.

    24. Paragraph 79 of the Verified Complaint is admitted. Moreover it is further alleged that MEDS also violated Article 9 of the Contract.

    25. From Paragraph 82 of the Verified Complaint it is admitted that Dr. Orlando Marini-Román as President of SISSO sent a letter to the Mayor dated January 29th, 2010. It is affirmatively alleged that the content of the letter speaks for itself. The rest of Paragraph 82 of the Verified Complaint is denied as drafted.

    26. From Paragraph 89 of the Verified Complaint it is admitted that MEDHS through Harry Padilla, Esq., sent a letter

addressed to the Mayor dated February 1, 2010. It is also alleged that the content of the letter speaks for itself. The rest of Paragraph 89 of the Verified Complaint is denied as drafted.

27. From Paragraph 91 of the Verified Complaint it is admitted that on January 29, 2010, the Municipality and MMC signed a contract for the operation and administration of the Hospital. The rest of Paragraph 91 of the Amended Complaint is denied.

28. Paragraph 131 of the Verified Complaint is denied as drafted. Nonetheless it is affirmatively alleged that the Municipality and MEDHS executed a contract for the administration and operation of the Hospital. It is also alleged that the content of the contract as well as its terms and conditions speak for themselves.

29. Any allegation not affirmatively answered by error or involuntary omission shall be deemed as denied.

### Affirmative Defenses

1. The appearing defendants incorporate hereto by reference all denials and averments contained in the preceding answer to plaintiff's Verified Complaint and make them part of these affirmative defenses.

2. The Verified Complaint, as drafted, fails to state a claim upon which relief may be granted against the appearing defendant.

3. The Verified Complaint fails to state a claim cognizable under any applicable federal or state statute.

4. The Verified Complaint fails to state specific acts of the appearing defendant which amount to a deprivation of any of plaintiff's constitutional and/or federally protected rights.

5. The Verified Complaint fails to state a claim cognizable under 42 U.S.C. §1983.

6. The appearing defendants are not liable under §1983, because their conduct did not reflect a reckless disregard or deliberate indifference to Plaintiff's constitutional rights.

7. The Verified Complaint fails to allege the type of evil motive or intent actionable under 42 U.S.C. §1983.

8. The appearing defendant, at all times, acted according to law and in the good faith in the performance of their duties.

9. The appearing defendants terminated its contract with MEDHS for just cause and in accordance with its terms and conditions.

10. The Verified Complaint fails to state specific facts adequate to show that Plaintiff suffered damages.

11. Any and all damages allegedly suffered by Plaintiff were caused by its own negligence or conduct and, thus, self-inflicted.

12. Plaintiff's request for redress of damages is grossly exaggerated and speculative.

13. In the hypothesis that Plaintiff's are entitled to any relief, which the appearing defendants deny, plaintiff has failed to mitigate damages.

14. Plaintiff's claims are precluded by the doctrines of abstention, res judicata and/or collateral estoppel.

15. This Honorable Court lacks jurisdiction over the subject matter in the instant action.

16. The complaint is time barred.

17. MEDHS comes to this Court with unclean hands.

18. Plaintiff's have suffered no irreparable injury.

19. Plaintiff's have failed to set forth an actionable RICO claim.

20. Plaintiff's have failed to allege "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity" against the Municipality.

21. Plaintiff's have failed to plead against the Municipality all of the elements of a substantive criminal offense [i.e. that the Municipality adopted the goal of furthering or facilitating a criminal endeavor].

22. Plaintiff's have failed to allege the existence of at least one overt act by the Municipality in furtherance of a RICO conspiracy and their assent to the alleged conspiracy.

23. Plaintiff's have failed to plead mail or wire fraud with specificity.

24. MEDHS is not a bona fide corporation and thus its corporate veil should be pierced.

25. Latches.

26. The appearing defendant herein reserves the right to amend its Answer to the Complaint before the conclusion of discovery or upon good cause shown.

27. The appearing defendants do not waive any other affirmative defenses that may arise during discovery proceedings.

28. The complaint fails to state a cause of action under the Constitution or laws of Puerto Rico.

29. There is no pendent and/or supplemental jurisdiction over the subject matter as to any claims under the constitution and/or laws of the Commonwealth of Puerto Rico.

30. Plaintiff lacks standing to assert some or all of the claims set forth in the complaint.

31. Plaintiff's have failed to include an indispensable party.

32. The Municipality reserves the right to include additional affirmative defenses that may arise during the discovery phase for this case.

**WHEREFORE**, Defendant's hereby respectfully request from this Honorable Court to Dismiss with Prejudice Plaintiff's Complaint.

I hereby certify that on November 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED.** At San Juan, Puerto Rico, this 22nd day of November, 2010.

*S/ Antonio Valiente*
**Antonio Valiente**
USDC-PR No. 213906
avaliente@qalawpr.com

**Tessie Leal-Garabis**
USDC-PR No. 218408
tleal@qalawpr.com

**Quiñones & Arbona Law Offices, PSC**
Attorneys for The Municipality of Mayaguez
P.O. BOX 19417
SAN JUAN, PUERTO RICO 00910
TEL: 787-620-6776
FAX: 787-620-6777