**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN THE MATTER OF:<br>Medical Educational & Health Services, Inc.<br><br>DEBTOR<br>Medical Educational & Health Services, Inc.<br><br>*Plaintiff*<br><br>V.<br><br>Independent Municipality of Mayaguez,<br>ET ALS.<br>*Defendants* | CASE NO: 10-04905 (BKT)<br><br>CHAPTER 11<br><br>Adversary NO. 10-00148 BKT |

## Opposition to Defendant's Motion Requesting Leave to File Third Party Complaint

TO THE HONORABLE COURT:

COMES NOW, **Medical Educational & Health Services, Inc.**, from now on *MEDHS*, through the undersigned attorney and respectfully state(s), allege(s) and pray(s) as follows:

1. On February 3, 2011, MMC/SISSO filed a "Motion Requesting Leave to File a Third Party Complaint" (hereinafter referred to as the "motion") and, simultaneously, filed a "Third Party Complaint". See docket No. 54.

2. Because this Honorable Court has not granted the request for "leave to file" the Third Party Complaint, in this Motion we are just presenting our opposition to said request without renouncing to our right to properly answer the Third Party Complaint if this Honorable Court decides grant the "leave to file". It is also important to note, that MEDHS is the party filing this opposition, and in no way does it submit the "Third Party" to the Court's jurisdiction.

3. In the motion filed by MMC/SISSO, they try to convince this Honorable Court to allow the filing of a Third Party Complaint based on erroneous factual and legal grounds. MEDHS will

discuss herein several reasons why the Third Party Complaint should not be allowed, including failure to state a claim upon which relief may be granted, lack of standing, failure to follow the correct procedural path and insufficiency of the allegations. It is obvious that the Third Party Complaint is a frivolous attempt to gain some tactical advantage by creating unwarranted pressure over MEDHS' officers and/or directors.

### *I. Failure to state a claim upon which relief may be granted:*

4. First, MMC/SISSO try to justify their petition by proposing that in the event this Honorable Court grants MEDHS the remedies requested in the Adversary Proceeding filed against MMC, SISSO and others (collectively the "co-defendants"), then these co-defendants would then have a cause of action against MEDHS' officers.

5. This argument lacks any logical or legal basis. If MEDHS wins the Adversary Complaint against the co-defendants, by definition it would mean that its allegation will have been proven correct. This would include the existence and validity of the lease contract between MEDHS and the Municipality of Mayaguez (the "Contract").

6. The argument that the ratification by this Honorable Court of the existence and validity of said Contract, and the subsequent tortuous interference with the same by the co-defendants, would give create some sort of responsibility by MEDHS's officers to the co-defendants is a logical and a legal absurdity. In other words, what MMC/SISSO are proposing is that the fact that the officers of MEDHS acted responsibly to protect MEDHS' rights and assets would create some sort of responsibility towards those who would rob MEDHS of its assets.[1] We can't begin to understand what convoluted logic would lead to such a conclusion.

7. In fact, MMC/SISSO have the argument backwards: if MEDHS officers had not acted to protect its rights, contract and assets by filing the instant Adversary Complaint, then they

---

[1] This does not even take into consideration the fact that MEDHS officers have no fiduciary duty or responsibility towards MMC or SISSO, but DO HAVE a fiduciary duty to protect MEDHS.

might have some responsibility towards MEDHS and its creditors for any loss suffered by MEDHS.[2]

8. Therefore, MMC/SISSO fail to describe a colorable claim and also fail to state a claim upon which relief could be granted. For that reason, MMC/SISSO's request to file a Third Party Complaint against MEDHS' officers and/or directors should not be allowed.

## *II. Failure to take the necessary procedural steps to file the complaint:*

9. A number of Appellate Courts have determined that, before a Creditor or a Trustee, acting on behalf of the estate, can file a complaint against corporation's officers for breach of fiduciary duties, they must first formally request the corporation to file said complaint against its officers or directors. Only after the corporation refuses, can the Creditor or Trustee ask for leave by the Court. See, <u>Canadian Pac. Forest Prods. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)</u>, 66 F.3d 1436 (6th Cir. 1995) (*"In conclusion, we hold that a creditor or creditors' committee may have derivative standing to initiate an avoidance action where: 1) a demand has been made upon the statutorily authorized party to take action; 2) the demand is declined; 3) a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court, and 4) the inaction is an abuse of discretion ("unjustified") in light of the debtor-in-possession's duties in a Chapter 11 case."*); **See also**, <u>In re STN Enter.</u>, 779 F.2d 901 (2d Cir. 1985), (*The Court in STN held that most bankruptcy courts addressing this standing issue had found an implied,* **<u>but qualified</u>**, *right for a creditors' committee to sue in the name of the debtor-in-possession.*)

10. Neither MMC nor SISSO have requested the Debtor to file said Complaint. Furthermore, neither MMC nor SISSO have requested the Court in the main bankruptcy case for permission to file a complaint against the offices or directors. Finally, they have not shown

---

[2] It is important to note that neither MMC nor SISSO are creditors of MEDHS.

that the Estate would benefit in any way from the Third Party Complaint. *Canadian Pac., supra.*

11. Since they have completely failed to follow the correct procedural steps required before they can file a Complaint against the debtor's officers and directors, they should not be allowed to do so.

### III. Lack of standing:

12. A simple review of the Schedules and Claims Register in the in the MEDHS Chapter 11 proceeding (Case No. 10-04905) shows that neither MMC nor SISSO are not creditors of the Estate. Neither are they part of, nor form, a Creditors' Committee in MEDHS Chapter 11 proceeding.

13. The Bankruptcy Code only gives a the Chapter 11 Trustee assigned to the case, the Debtor-in-possession acting in its stead, or a Creditors' Committee the standing to file a complaint in MEDHS' name, against MEDHS' officers and/or directors for a breach of their fiduciary duties towards the Estate.

14. It is black letter law, that for a party to be able to file a complaint it must have standing. In bankruptcy cases, standing to file against the officers of the corporate debtor is given to the debtor-in-possession, the Chapter 11 Trustee, the U.S. Trustee (in some situations), the creditors' committee(s) and the creditors of the Estate. Neither MMC nor SISSO fall within those categories, thus they have no standing to sue.

15. As discussed above, for a party to have standing to file in against the officers and/or director of the Debtor, it must prove (1) that there could have been some fraudulent act or breach of fiduciary duty, (2) that it harmed the Estate and (3) that the Estate would benefit from the complaint. See, *Canadian Pac., supra.* It is uncontestable that MMC/SISSO have not complied with those requirements.

16. MMC/SISSO have not stated in a satisfactory fashion what, if any, duty MEDHS' officers and/or directors have towards MMC/SISSO, and how protecting MEDHS' rights and assets is

a breach of that alleged duty. As discussed earlier, there is no logical or legal basis or situation where the protection of the Debtor's rights and assets can give rise to responsibility towards the party who is attempting to infringe on those rights or rob the debtor of those assets. So once again, MMC/SISSO have no standing to sue the officers and/or directors of MEDHS for their actions in protection of the Estate.

17. As an additional criteria, the Honorable Court should consider that neither MMC nor SISSO have a cause of action against MEDHS's officers because they are not part of any MEDHS-MARC Agreement or any other intercompany agreement between MEDHS and MARC.

18. For those reasons, it is clear that the request to file the Third Party Complaint against Debtor's officers and/or directors should be denied.

### *IV. Insufficiency of the allegations:*

19. MMC/SISSO averred, in the Motion, that MEDHS's failure to collect any rent payments from MARC resulted in the termination of an Operation and Administration Agreement with the Municipality of Mayaguez. This is a completely false, conclusory and insufficient allegation, with no factual grounds averred to support it. It is the type of allegation deemed insufficient by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

20. It appears that MMC and SISSO have forgotten that they were both sued by MEDHS for their tortious interference with the Operation and Administration Contract between MEDHS and the Municipality of Mayaguez, the first one, and for its failure to comply with its payment obligations and interference, the second one. These allegations of the Complaint have not been denied. If MEDHS prevails, the necessary conclusion would be that all of MEDHS' problems stem from MMC and SISSO's misdeeds and failures. The logical deduction is that, the unsubstantiated allegations in the Third Party Complaint are completely preposterous and of the type of frivolous allegations proscribed by *Ashcroft*. *Id*.

21. For that reason, the request to file a Third Party Complaint against MEHD's officers and directors should be denied.

## V. Conclusion:

22. As this Honorable Court can see, MMC/SISSO's petition and complaint fail to meet the procedural requirements, maturity, merits and logical sense, and in any event MMC/SISSO lack standing to pursue it. It is just a blatant and frivolous attempt to gain tactical advantage and create undue and unwarranted pressure on MEDHS' officers and directors in order to try to force a dismissal of the Adversary Proceeding, to the detriment of the Estate and its creditors.

23. Therefore, we pray this Court deny MMC/SISSO's "Motion Requesting Leave to File a Third Party Complaint".

**WHEREFORE**, Debtor respectfully requests that this Honorable Court take notice of the above and deny the **"Motion Requesting Leave to File a Third Party Complaint"**.

**RESPECTFULLY SUBMITTED, i**n San Juan, Puerto Rico, this February 16, 2011.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, including the U.S. Trustee.

/S/ *Rafael González Vélez*
**Rafael González Vélez**
USDC No. 124311
1806 Calle McLeary Suite 1-B
San Juan, PR 00911
Tel: (787) 726-8866
Fax: (787) 726-8877
Email: rgvlo@prtc.net