### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC.<br><br>    Debtor | Case No. 10-04905-BKT<br><br>CHAPTER 11 |
| MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC.<br><br>    Plaintiff<br><br>       v.<br><br>INDEPENDENT MUNICIPALITY OF MAYAGUEZ ET ALS.<br><br>    Defendants<br><br>       v.<br><br>ORESTES CASTELLANOS; PEDRO MONTES<br><br>    Third Party Defendants | Adversary No. 10-000148<br><br>Declaratory Judgment, Collection of Monies and Injunctive Relief |

### MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE BRIAN K. TESTER
UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Mayagüez Medical Center-Dr. Ramón Emeterio Betances, Inc. ("MMC"), and Sistemas Integrados de Salud del Sur Oeste, Inc. ("SISSO"), through their undersigned counsel, and very respectfully state and pray:

1. On March 3, 2011, Debtor, through its counsel, sent the notices of deposition by electronic mail to Antonio J.

-2-

Santos, Esq. and Kermit Ortiz, Esq. in the above captioned adversary proceeding.

2. At the outset, Messrs. Santos and Ortiz are not parties to this proceeding, nor are they representatives of MMC or SISSO. Therefore, the service of notices of depositions was legally inadequate. Non parties must be served with a subpoena for the taking of deposition. Bankruptcy Rule 7030.

3. Nevertheless, because this is a recurring situation, MMC and SISSO request a definitive protective order from this Court. As the Court will recall, this is not the first time that Debtor attempts to examine, at least Mr. Santos. On September 2, 2010, MMC filed a Motion For Protective Order to disallow a noticed Rule 2004 examination of Mr. Santos. Docket Entry No. 66. Although the Rule 2004 examination of Mr. Santos was never taken, the matter was not resolved by the Court. MMC and SISSO are therefore now forced to request this Court's intervention.

4. Both Messrs. Santos and Ortiz are outside counsel of MMC and SISSO. Both assisted MMC in the purchase of SISSO's stock and in entering into the Operation and Administration Agreement (the "Agreement"), dated January 29, 2010 with the Municipality of Mayagüez. Although they signed communications, and Mr. Santos signed the Agreement on behalf of MMC, their knowledge and the information they provided to MMC is privileged. The real party in interest is MMC, who is represented by its

President, Mr. Quirós, who will be deposed on this date and who was already examined under Rule 2004 by Debtor on September 15, 2010. Any non-privileged information known to them is known by Mr. Quirós.

5. Furthermore, in the case of Mr. Ortiz, he is counsel of record of Mr. Quirós and Manatí Medical Center. Inc. As such, his intervention as a deponent must be avoided. Hence, the proposed depositions serve no legitimate fact finding purpose. They are abusive and cumulative and should be forbidden pursuant to Bankruptcy Rule 7026 and Fed. R. Civ. P. 26 (c)(1)(A

WHEREFORE, MMC and SISSO Santos respectfully request this Honorable Court to order that the depositions of Antonio Santos, Esq. and Kermit Ortiz, Esq. not be allowed to proceed.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 10th day of March, 2011.

I hereby certify that on this date a true and exact copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the entities or persons registered in the system.

S/ JORGE I. PEIRATS
Jorge I. Peirats
USDC No. 201409
**PIETRANTONI MENDEZ & ALVAREZ LLP**
Banco Popular Center, 19th Floor
209 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
jpeirats@pmalaw.com