UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| *IN THE MATTER OF:* <br> **Medical Educational & Health Services, Inc.** <br><br> **DEBTOR** <br> **Medical Educational & Health Services, Inc.** <br><br> *Plaintiff* <br><br> V. <br><br> **Independent Municipality of Mayaguez, ET ALS.** <br> *Defendants* | CASE NO: 10-04905 (BKT) <br><br> **CHAPTER 11** <br><br> **Adversary NO. 10-00148 BKT** |

**Opposition to Defendant's Motion for Protective Order and
Request of Courts Command to Take Parties Depositions**

TO THE HONORABLE COURT:

COME NOW, **Medical Educational & Health Services, Inc.**, from now on **MEDHS**, through the undersigned attorney and respectfully state(s), allege(s) and pray(s) as follows:

1. On March 10, 2011, MMC/SISSO filed a "Motion for Protective Order" requesting this Honorable Court to forbid the take of deposition upon oral examination of Mr. Kermit Ortiz, Esq. and Mr. Antonio Santos, Esq.

2. In said motion, Defendants averred that Messrs. Ortiz and Santos are not parties in this proceeding and that the service of the Notice for Deposition was "legally inadequate".

3. Rule 30 (a) (1) (Federal Rules of Civil Procedure) states as follow: "When a Deposition May Be Taken. Without Leave. A party may, by oral questions, **depose**

**any person**, including a party, without leave of court except as provided in Rule 30(a) (2). The deponent's attendance may be compelled by subpoena under Rule 45."

4. On March 3, 2011, MEDHS served the "Notice for Deposition upon Oral Examination" by Certified Mail to Messrs. Ortiz and Santos.

5. On March 4, 2011, MEDHS filed a Certificate of Service informing to this Honorable Court all parties and persons requested to attend to the take of deposition upon oral examination, their known addresses and copy of all mail receipts.

6. In intent to avoid misunderstandings, MEDHS also served copy by electronic mailing to all interested parties.

7. As far as our discovery has shown and considering documents already submitted to this Court with the verified Complaint, Messrs. Santos and Ortiz were involved in almost all the events between the parties that result in this adversary proceeding.

8. In our best understanding, Mr. Santos was or still is a member of MMC board of directors and had delegated authority to negotiate the legal terms of the contracts between MMC/Dr. Ramon Emeterio Betances Hospital, Mr. José Quiros, SISSO, and other corporate entities belonging completely or partially to Mr. Quiros, Dr. Marini and the Municipality of Mayaguez. Mr. Santos also had or still has authority within the complex MMCs corporate structure, has signed several documents on behalf of Mr. Quiros companies and has submitted important documents to the governmental regulatory authorities on behalf of Mr. Quiros companies. (MMC/Dr. Ramon Emeterio Betances Hospital and SISSO).

9. On the other hand, in our best understanding, Mr. Ortiz signed on behaves of MEDHS, SISSO and Dr. Castellanos a document filed in the Department of Health of

Puerto Rico regarding this case. He was or still is invested with authority within Mr. Quiros companies; he negotiated, took active participation and made important representations in almost all events that concluded in this adversary proceeding.

10. It is imperative to submit Messrs. Santos and Ortiz to Deposition.

11. Therefore, MEDHS respectfully request to this Honorable Court to DENY Defendant's Motion for Protective Order, and to Command Messrs. Santos and Ortiz to yield to the oral examination properly requested by MEDHS.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this March 15, 2011.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, including the U.S. Trustee.

/S/ *Rafael González Vélez*
**Rafael González Vélez**
USDC No. 124311
1806 Calle McLeary Suite 1-B
San Juan, PR 00911
Tel: (787) 726-8866
Fax: (787) 726-8877
Email: rgvlo@prtc.net