UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| *IN THE MATTER OF:*<br>Medical Educational & Health Services, Inc.<br><br>__DEBTOR__<br>Medical Educational & Health Services, Inc.<br><br>*Plaintiff*<br><br>V.<br><br>Independent Municipality of Mayaguez,<br>ET ALS.<br>*Defendants* | CASE NO: 10-04905 (BKT)<br><br>CHAPTER 11<br><br>Adversary NO. 10-00148 BKT<br><br>RECEIVED & TENDERED<br>U.S. Bankruptcy Court<br><br>APR 11 2011 |

## Motion to Dismiss Third Party Complaint

TO THE HONORABLE COURT:

COMES NOW, **Dr. Orestes Castellanos Rodriguez,** from now MEDHS's officers and/or directors, through the undersigned attorney and respectfully state(s), allege(s) and pray(s) as follows:

1. On February 3, 2011, MMC/SISSO filed a "Third Party Complaint" (hereinafter referred to as the "Third Party Complaint") and, simultaneously, filed a "Third Party Complaint". See docket No. 54.

2. In the Complaint filed by MMC/SISSO, they try to convince this Honorable Court that they have standing to file and pursue a Third Party Complaint against Dr. Castellanos and Mr. Montes, officers of MEDHS, based on erroneous factual and legal grounds. We will discuss herein several reasons why the Third Party Complaint lacks of merits, including failure to state a claim upon which relief may be granted, lack of standing, failure to follow the correct procedural path and insufficiency of the allegations. It is obvious that the Third Party

Complaint is a frivolous attempt to harass and to gain some tactical advantage by creating unwarranted pressure over MEDHS' officers and/or directors.

## I. *Failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6):*

3. First, MMC/SISSO try to justify their petition by proposing that in the event this Honorable Court grants MEDHS the remedies requested in the Adversary Proceeding filed against MMC, SISSO and others (collectively the "co-defendants"), then these co-defendants would then have a cause of action against MEDHS' officers.

4. This argument lacks any logical or legal basis. If MEDHS wins the Adversary Complaint against the co-defendants, by definition it would mean that its allegation will have been proven correct. This would include the existence and validity of the lease contract between MEDHS and the Municipality of Mayaguez (the "Contract").

5. The argument that the ratification by this Honorable Court of the existence and validity of said Contract, and the subsequent tortuous interference with the same by the co-defendants, would give create some sort of responsibility by MEDHS's officers to the co-defendants is a logical and a legal absurdity. In other words, what MMC/SISSO are proposing is that the fact that the officers of MEDHS acted responsibly to protect MEDHS' rights and assets would create some sort of responsibility towards those who would rob MEDHS of its assets.[1] We can't begin to understand what convoluted logic would lead to such a conclusion.

6. In fact, MMC/SISSO have the argument backwards: if MEDHS officers had not acted to protect its rights, contract and assets by filing the instant Adversary Complaint, then they might have some responsibility towards MEDHS and its creditors for any loss suffered by MEDHS.[2]

---

[1] This does not even take into consideration the fact that MEDHS officers have no fiduciary duty or responsibility towards MMC or SISSO, but DO HAVE a fiduciary duty to protect MEDHS.

[2] It is important to note that neither MMC nor SISSO are creditors of MEDHS.

7. Therefore, MMC/SISSO fail to describe a colorable claim and also fail to state a claim upon which relief could be granted. For that reason, MMC/SISSO's Third Party Complaint against MEDHS' officers and/or directors should be **DISMISSED WITH PREJUDICE UNDER FED. R. CIV. P. 12(B)(6).**

   A. *Insufficiency of the allegations:*

8. In order to support all the averred above, MMC/SISSO stated in the Complaint, that MEDHS's failure to collect any rent payments from MARC resulted in the termination of an Operation and Administration Agreement with the Municipality of Mayaguez. This is a completely false, conclusory and insufficient allegation, with no factual grounds averred to support it. It is the type of allegation deemed insufficient by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

9. It appears that MMC and SISSO have forgotten that they were both sued by MEDHS for their tortious interference with the Operation and Administration Contract between MEDHS and the Municipality of Mayaguez, the first one, and for its failure to comply with its payment obligations and interference, the second one. These allegations of the Complaint have not been denied. If MEDHS prevails, the necessary conclusion would be that all of MEDHS' problems stem from MMC and SISSO's misdeeds and failures. The logical deduction is that, the unsubstantiated allegations in the Third Party Complaint are completely preposterous and of the type of frivolous allegations proscribed by *Ashcroft*. *Id*.

10. Under Rule 8 of the Federal Rule of Civil Procedure, a party asserting a claim must include: (1) the grounds for the court jurisdiction; (2) a statement of a claim showing the pleader is entitled to relief; and a (3) demand for relief. The Third Party Complaint does not meet these criteria. Also the allegations in the complaint do not meet the plausibility criteria because the factual allegations made in the complaint are no sufficient to support any claim under any law.

11. It is a well-settled tenet that a complaint must "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When deciding whether the plaintiff has stated a claim, the court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as true; and determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To **survive dismissal** for failure to state a claim, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, U.S. , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (*quoting Twombly*, 550 U.S. at 570). Thus, the factual allegations pled "'must be enough to raise a right to relief above the speculative level.'" *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (*quoting Twombly*, 550 U.S. at 555); *see also SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (a claim may be dismissed because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a claim). "'[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. 544, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (*quoting* 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1216, pp. 235-236 (3rd ed. 2004)). Moreover, the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft*, U.S. , 129 S.Ct. at 1949-1950 [*7] (*quoting Twombly*, 550 U.S. at 556); *see also Western Mining Council*, 643 F.2d at 624 (although the complaint is generally construed favorably to the pleader, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations). "Nor does a complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" *Ashcroft,* U.S. , 129 S.Ct. at 1949 (*quoting Twombly,* 550 U.S. at 557)). Furthermore, the complaint must contain a statement of the claim showing that the plaintiff is entitled to relief "rather than a blanket assertion of entitlement to relief." *Twombly,* 550 U.S. at 556 n.3. When reviewing a complaint to evaluate whether the plaintiff has stated a claim, the court must determine whether the plaintiff has 'nudge[d] [his or her] claims across the line from conceivable to plausible...." *Id.* at 570.

12. As we have stated, the Plaintiff failed to show any factual allegations to supports his standing to file this third party action, the averments made do not present any factual ground to supports any cause of action based on any real legal theory or based on any law. Also Plaintiff failed to support with factual allegations that every pre-requisite to file a claim against MEDHS officers was met by MMC/SISSO as we will show below. Therefore, this Third Party Complaint should be **Dismissed with Prejudice** for lacking of factual allegations to sustain any conceivable cause of action and fail to meet the plausibility criteria.

### B. *Factual Frivolousness*

13. Additionally, a complaint will be dismissed [...] as frivolous where there is no arguable basis for relief either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) *See also Denton v. Hernandez,* 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional. *Denton,* 504 U.S. at 32-33 (*citing Neitzke,* 490 U.S. at 325, 327, 328). Legal frivolousness justifies dismissal where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Neitzke,* 490 U.S. at 327 (internal citation omitted).

14. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them, *id.*, and legal frivolousness justifies dismissal where a complaint

is based on "an indisputably meritless legal theory . . .," *id.* at 327. An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

15. By the same token , "[f]rivolous litigation is not limited to cases in which a legal claim is entirely without merit." Id. at 1060. "It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions." Id. A person "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." Id. at 1062. The Ninth Circuit has found that "the Second Circuit's five-factor standard [adopted in *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2nd Cir. 1986)] provides a helpful framework for applying" this Circuit's two substantive factors - findings of frivolousness or harassment and narrowly tailored pre-filing orders. See id. at 1058 (citation omitted). The five Safir factors are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties.

16. As this Honorable Court may realized, the Third Party Complaint was supported by allegations that are clearly baseless, fanciful, fantastic, or delusional; in their allegations there is no arguable basis for relief either in law or fact; and the complaint is based on "an indisputably meritless legal theory. Also, what is really plausible in this complaint is that it was entitled to harass MEDHS and its officers by causing unnecessary expenses, denoting the bad faith of the Plaintiff by conduct of their lawyer, even when knowing that the Puerto Rico Corporate law protects MEDHS officers against suits by considering the corporation to have his own juridical personality.

17. For that reason presented, the Third Party Complaint against MEHD's officers and directors should be **DISSMISED WITH PREJUICE**.

   II. *Failure to take the necessary procedural steps to file the complaint:*

18. A number of Appellate Courts have determined that, before a Creditor or a Trustee, acting on behalf of the estate, can file a complaint against corporation's officers for breach of fiduciary duties, they must first formally request the corporation to file said complaint against its officers or directors. Only after the corporation refuses, can the Creditor or Trustee ask for leave by the Court. See, *Canadian Pac. Forest Prods. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436 (6th Cir. 1995) (*"In conclusion, we hold that a creditor or creditors' committee may have derivative standing to initiate an avoidance action where: 1) a demand has been made upon the statutorily authorized party to take action; 2) the demand is declined; 3) a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court, and 4) the inaction is an abuse of discretion ("unjustified") in light of the debtor-in-possession's duties in a Chapter 11 case."*); **See also**, *In re STN Enter.*, 779 F.2d 901 (2d Cir. 1985), (*The Court in STN held that most bankruptcy courts addressing this standing issue had found an implied,* **but qualified***, right for a creditors' committee to sue in the name of the debtor-in-possession.*)

19. Neither MMC nor SISSO have requested the Debtor to file said Complaint. Furthermore, neither MMC nor SISSO have requested the Court in the main bankruptcy case for permission to file a complaint against the offices or directors. Finally, they have not shown that the Estate would benefit in any way from the Third Party Complaint. *Canadian Pac., supra.*

20. Since they have completely failed to follow the correct procedural steps required before they can file a Complaint against the debtor's officers and directors, they are bared to do so and this Third Party Complaint should be **DISSMISED WITH PREJUDICE**.

### *III. Lack of standing:*

21. The Constitution confines the judicial power of the federal courts to deciding cases or controversies. U.S. Const. art. III, § 2, cl. 1. The doctrine of standing is derived directly from this constitutional provision. See *Allen v. Wright*, 468 U.S. 737, 751, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). It focuses upon the party seeking to invoke federal jurisdiction, rather than upon the justiciability of the issue at stake in the litigation. See *Flast v. Cohen*, 392 U.S. 83, 99-100, 20 L. Ed. 2d 947, 88 S. Ct. 1942 (1968).

22. To have standing, "[a] plaintiff must [1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief." 468 U.S. at 751; see also *Fulani v. League of Women Voters Educ. Fund*, 882 F.2d 621, 624 (2d Cir. 1989) (quoting *Allen*, 468 U.S. at 751). "A plaintiff must always have suffered 'a distinct and palpable injury to himself' . . . ." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 60 L. Ed. 2d 66, 99 S. Ct. 1601 (1979) (quoting *Warth v. Seldin*, 422 U.S. 490, 501, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975)). The injury must be "concrete in nature and particularized to [the plaintiff]," *In re United States Catholic Conference ("USCC") (Abortion Rights Mobilization, Inc. v. Baker)*, 885 F.2d 1020, 1023-24 (2d Cir. 1989), cert. denied, 495 U.S. 918, 109 L. Ed. 2d 309, 110 S. Ct. 1946 (1990), and not "abstract," "conjectural," or "hypothetical," *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983). None of those criteria have been met by MMC/SISSO.

23. Also, a simple review of the Schedules and Claims Register in the in the MEDHS Chapter 11 proceeding (Case No. 10-04905) shows that MMC and SISSO are not creditors of the Estate. Neither are they part of, nor form, a Creditors' Committee in MEDHS Chapter 11 proceeding.

24. The Bankruptcy Code only gives a the Chapter 11 Trustee assigned to the case, the Debtor-in-possession acting in its stead, or a Creditors' Committee the standing to file a complaint in

MEDHS' name, against MEDHS' officers and/or directors for a breach of their fiduciary duties towards the Estate.

25. It is black letter law, that for a party to be able to file a complaint it must have standing. In bankruptcy cases, standing to file against the officers of the corporate debtor is given to the debtor-in-possession, the Chapter 11 Trustee, the U.S. Trustee (in some situations), the creditors' committee(s) and the creditors of the Estate. Neither MMC nor SISSO fall within those categories, thus they have no standing to sue.

26. As discussed above, for a party to have standing to file against the officers and/or director of the Debtor, it must prove (1) that there could have been some fraudulent act or breach of fiduciary duty, (2) that it harmed the Estate and (3) that the Estate would benefit from the complaint. See, *Canadian Pac., supra.* It is uncontestable that MMC/SISSO have not complied with those requirements.

27. MMC/SISSO have not stated in a satisfactory fashion what, if any, duty MEDHS' officers and/or directors have towards MMC/SISSO, and how protecting MEDHS' rights and assets is a breach of that alleged duty. As discussed earlier, there is no logical or legal basis or situation where the protection of the Debtor's rights and assets can give rise to responsibility towards the party who is attempting to infringe on those rights or rob the debtor of those assets. So once again, MMC/SISSO have no standing to sue the officers and/or directors of MEDHS for their actions in protection of the Estate.

28. As an additional criteria, the Honorable Court should consider that neither MMC nor SISSO have a cause of action against MEDHS's officers because they are not part of any MEDHS-MARC Agreement or any other intercompany agreement between MEDHS and MARC.

29. For those reasons, it is clear that the Third Party Complaint against Debtor's officers and/or directors should be **DISSMISED WITH PREJUICE**.

### *IV.* *Conclusion and Sanctions:*

30. As this Honorable Court can see, MMC/SISSO's petition and complaint fail to meet the procedural requirements, maturity, merits and logical sense, and in any event MMC/SISSO lack standing to pursue it. It is just a blatant and frivolous attempt to harass and to gain tactical advantage and create undue and unwarranted pressure on MEDHS' officers and directors in order to try to force a dismissal of this Adversary Proceeding, to the detriment of the Estate and its creditors.

31. TheBankruptcy Rule 9011, like its sister rule, Federal Rule of Civil Procedure 11, calls for the imposition of sanctions on litigants and attorneys who file pleadings and papers in violation of the rule's requirements. These requirements are two-fold: First, the signer of the pleading must certify it isn't frivolous, i.e., that "it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Bankr. R. 9011. Second, the signer must ensure that the paper or pleading "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Id. A plain reading of the rule's language suggests these are separate requirements, so that either frivolousness *or* improper purpose may serve as a basis for sanctions.

32. The Court may impose sanctions, when warranted under Rule 11, including attorneys' fees, upon attorneys and/or the parties they represent. *Burda v. M. Ecker Co., 2 F.3d 769, 773*, No. 92-2225, slip op. at 6 (7th Cir. Aug. 25, 1993). Rule 11 is violated when "parties or their attorneys" sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Id. at 773-74 (*quoting* Fed. R. Civ. P. 11.) Litigants violate Rule 11 when they bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation. *National Wrecking Co. v. International Bhd. of Teamsters, Local 731, 990 F.2d 957, 963 (7th Cir. 1993)*. We need only

"undertake an objective inquiry into whether the party or his counsel 'should have known that his position is groundless.'" *Chicago Newspaper Publishers' Ass'n v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987) (citations omitted); *National Wrecking Co. v. International Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). The standard for imposing sanctions under Rule 11 is simply an objective determination of whether a party's actions were reasonable under the circumstances. *Brown v. Federation of State Med. Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987); *Dreis & Krump Mfg. v. International Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986) (collecting cases).

33. **Therefore, we pray this Court** *DISSMISED WITH PREJUICE* **MMC/SISSO's "Third Party Complaint"** and **impose sanctions** to the **Plaintiff and/or the Attorney** if deemed adequate to protect the courts and other parties.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take notice of the above, **DISSMISED WITH PREJUICE** the "Third Party Complaint" **and impose sanctions** to the Plaintiff and/or Attorney.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this April 11, 2011.

    **I HEREBY CERTIFY** that on this same date I filed the foregoing through the Court's Clerk, which will send notification of such filing to the parties to receive Notice, including the U.S. Trustee.

**Dr. Orestes Castellanos Rodríguez**
Urb. Flor del Valle, Amapola 625
Mayagüez, PR 00680
Tel: (787) 649-6793
Fax: (787) 835-5535
Email: ocastellanosrdz@yahoo.com