IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> MEDICAL EDUCATIONAL AND HEALTH SERVICES, INC. <br> DEBTOR <br><br> MEDICAL EDUCATIONAL AND HEALTH SERVICES, INC. <br><br> PLAINTIFF <br><br> VS. <br><br> INDEPENDENT MUNICIPALITY OF MAYAGUEZ, ET ALS. <br><br> DEFENDANTS <br><br> XXX-XX2077 <br><br><br><br> Debtor(s) | CASE NO. 10-04905 BKT <br><br> Chapter 11 <br><br><br><br><br> ADV. NO.: 10-148 <br><br><br><br><br><br><br><br><br><br> **FILED & ENTERED ON 06/07/2011** |

**OPINION & ORDER**

On February 3, 2011, Defendants and Third-Party Plaintiffs Mayagüez Medical Center- Dr. Ramón Emeterio Betances, Inc. ("MMC") and Sistemas Integrados de Salud del Sur Oeste, Inc. ("SISSO"), filed a third-party Complaint [Dkt. No. 54] against Dr. Orestes Castellanos ("Castellanos") and Mr. Pedro Montes García ("Montes") pursuant to Fed. R. Civ. P. 14.[1]  In this motion, MMC and SISSO argue that if they are found liable to Plaintiff, Medical and Educational Health Services, Inc. ("MEDHS"), then their liability is derived from Castellanos' and Montes' breach of fiduciary duty.  On April 11, 2011, in response to this motion,

---

[1] As of May 7, 2011, when Third-Party Plaintiffs filed their opposition to Castellanos' Motion to Dismiss, Montes had not yet been served, despite several attempts.

Castellanos filed a Motion to Dismiss the Third-Party Complaint [Dkt. No. 84] on the grounds that the Third-Party Plaintiffs failed to state a claim and failed to follow requisite procedure. The Third-Party Plaintiffs filed an Opposition to the Motion to Dismiss on May 7, 2011 [Dkt. No. 88]. For the reasons set forth below, the Motion to Dismiss filed by Third-Party Defendant Castellanos is hereby DENIED.

The court has jurisdiction over this action based on 28 U.S.C. §§ 1334, 1367.

**I. Factual Background**

On August 27, 2009, MEDHS entered into an Operation and Administration agreement (the "Lease") with the Municipality of Mayagüez (the "Municipality"). On September 1, 2009, MEDHS entered into a sublease with SISSO (the "Sublease"), under which SISSO became the administrator and operator of the Ramón Emeterio Betances Medical Center (the "Hospital"). SISSO entered into rental agreements with all of the tenants in the medical center except for Mayagüez Advance Radiotherapy Center ("MARC"), who entered into a sublease directly with MEDHS on October 29, 2009 ("MEDHS-MARC sublease").

MEDHS failed to notify the Municipality and SISSO of the MEDHS-MARC sublease, violating the provision in their lease with the Municipality requiring such notification. MEDHS also allowed patient access and employee parking not permitted by the Hospital's policy. Furthermore, MEDHS failed to have the MEDHS-MARC sublease notarized and to collect any rental payments from MARC. Because there were no payments made to MEDHS from MARC, MEDHS did not pay the Municipality and that lease terminated.

Castellanos was serving in an official capacity for MEDHS, MARC, and SISSO during the relevant time. Third-Party Plaintiffs allege that he breached his fiduciary duties to MEDHS and SISSO by creating a scam lease in which MARC never paid rent to MEDHS. They further argue that the scam lease is a direct cause of MEDHS not being able to pay the Municipality, which led to the broken lease agreement between MEDHS and Municipality for which MEDHS is seeking relief.

Thus, they seek to implead Castellanos in the event that they are found liable to MEDHS for damages resulting from the terminated lease with the Municipality.

**II. Impleader Under Rule 14**

Rule 14(a)(1) states that "a defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the plaintiff's claim against it." Fed. R. Civ. P. 14(a)(1). The rule is designed to promote judicial efficiency by allowing a defendant to bring claims relating to the same "aggregate or core of facts which is determinative of the plaintiff's claim" against a non-party, without having to initiate a separate suit. Gross v. Hanover Ins. Co., 138 F.R.D. 53, 55 (S.D.N.Y. 1991) (internal citations omitted). Rule 14 is applicable to adversary proceedings in Bankruptcy pursuant to Fed. R. Bankr. P. 7014.

As to the present case, this Court concluded that impleader is proper. According to the facts alleged in the Complaint, Castellanos served as President of MEDHS, as well as CEO and Treasurer of MARC, for the duration of the MEDHS-MARC sublease. Simultaneously, he was an officer and shareholder of SISSO from the time of the aforementioned sublease until at least November 1, 2010. Third-Party Plaintiffs are convincing in their argument that these personal interests create a duty in Castellanos to act fairly and responsibly in relation to the matters of the corporations, and that a breach of such a duty may make him liable for damages. P.R. Laws Ann. Tit. 14 § 3563-64 (2010). They allege that Castellanos' positions of authority render him responsible for the acts and omissions of the corporations he represents, and that he used his concurrent positions in the corporations to coordinate a sham lease between MEDHS and MARC, during which he violated the Hospital's policies in various ways, including never collecting any rent. Allegedly, the scam financially benefitted Castellanos and MARC and led to the termination of the lease between MEDHS and the Municipality.

Thus, the allegation that Castellanos breached his fiduciary duty arises from events relating to the termination of the MEDHS-Municipality lease for which

the MEDHS is seeking to obtain relief from Third-Party Plaintiffs. Therefore, it promotes judicial efficiency to allow impleader in this case, because the alleged breach of duty shares core facts of MEDHS's claim against Third-Party Plaintiffs for breach of contract. Because a breach of this fiduciary duty may make Castellanos derivatively liable, the Court concluded that impleader of Castellanos under Rule 14(a) was proper. [Dkt. No. 57].

**III. Sufficiency of Allegations**

Rule 8 requires: 1) a short, plain statement of the claim, 2) a showing of entitlement to relief, and 3) a prayer for relief. Fed. R. Civ. P. 8. Rule 8 was expanded by <u>Bell Atlantic Corp. v. Twombly</u> to mean that the claim must not only be possible, but *plausible* on its face in order to survive early dismissal under a 12(b)(6) motion to dismiss. 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 556. If the plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Id.</u> at 570. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Because no evidence has been presented at the time of a motion to dismiss, the court accepts as true the facts as they are asserted in the complaint and views all inferences in favor of the non-moving party. <u>Ezra Charitable Trust v. Tyco Int'l, Ltd.</u>, 466 F.3d 1, 6 (1st Cir. 2006). Thus, this Court must accept as true the facts stated by MMC and SISSO, and construe them in their favor.

Castellanos argues that Third-Party Plaintiffs' complaint does not include facts to support a claim under any law, and so is subject to dismissal under Rule12(b)(6). He offers several bases for why Third-Party Plaintiffs do not have a claim entitling them to relief, but he fails to prove any of them. First, he

argues that if MEDHS wins, then their lease with the Municipality is valid, and so there is no need for relief. However, it is possible that the MEDHS-Municipality lease be upheld despite the fact that the subsequent sublease between MEDHS and MARC was a sham that caused damages.

Secondly, Castellanos argues that Third-Party Plaintiffs fail to show entitlement to relief because if MEDHS prevails, then "the necessary conclusion would be that all of MEDHS's problems stem from MCC and SISSO's misdeeds and failures." Mot. to Dismiss 3. The Court finds this reasoning unconvincing because it leads to the conclusion that if a plaintiff wins, the defendant is always the only possible liable party. This contradicts Rule 14, which acknowledges that a defendant may derive liability from a third party. Case law also supports the ability of a defendant to implead an employee of the plaintiff. See Gross v. Hanover Ins. Co., 138 F.R.D. 53 (S.D.N.Y. 1991) (where defendant successfully impleaded an employee of the plaintiff company). As discussed above, the Court already found that impleader was proper in this action.

Castellanos also asserts that because he filed the Adversary Complaint against MMC and SISSO on MEDHS's behalf, he upheld his duties. Only if he had failed to bring such a claim, he argues, would he be liable to MEDHS for damages resulting from the termination of their lease with the Municipality. Thus, Third-Party Plaintiffs' claim that he breached his fiduciary duty is not plausible and so should be dismissed. However, filing an adversary complaint on behalf of MEDHS does not render it implausible that Castellanos could have breached a duty elsewhere. We must treat the facts stated as true, and it appears from the factual allegations by SISSO and MMC that it is plausible that Castellanos breached a fiduciary duty to MEDHS and SISSO when he failed to collect rent from MARC.

**IV. Procedural Compliance**

Castellanos also alleges two procedural flaws which he believes should

preclude Third-Party Plaintiffs from impleading him: 1) failure to file a complaint with the corporation before filing a formal complaint; and 2) a lack of standing to bring a claim. However, Castellanos misses the point of Third-Party Plaintiffs' motion, and bolsters his argument with case law pertaining to avoidance actions, not impleader motions. The Third-Party Plaintiffs are not the creditors of MEDHS, and this is not an avoidance action. Therefore, Third-Party Plaintiffs were not required to file a complaint with the corporations prior to bringing suit, and so did not violate procedure.

Secondly, Castellanos argues that in order to have standing to sue, a third-party plaintiff must be a debtor in possession, a Chapter 11 Trustee, the U.S. Trustee, a creditors' committee, or a creditor of the estate. The Court finds this argument unconvincing because it is not supported by any legal authority.

**V. Conclusion**

It is plausible that the facts as alleged in Third-Party Plaintiffs' motion give rise to a valid claim against Third-Party Defendant Castellanos. Third-Party Plaintiffs have also complied with all procedural requirements. Because of the foregoing reasons, Third-Party Defendant's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico this 07 day of June, 2011.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**CC: ALL CREDITORS**