213-001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>MEDICAL AND EDUCATIONAL HEALTH SERVICES, INC.<br><br>Debtor. | Case No. 10-04905 (BKT)<br><br>Chapter 11 |
| MEDICAL AND EDUCATIONAL HEALTH SERVICES, INC.<br><br>Plaintiff,<br><br>Vs.<br><br>INDEPENDENT MUNICIPALITY OF MAYAGUEZ ET ALS.<br><br>Defendants. | Adv. No. 10-000148 (BKT)<br><br>Declaratory Judgment, Collection Of Monies and Injunctive Relief |

**MOTION TO REQUEST RELIEF FROM PRE-TRIAL PROCEEDINGS**

TO THE HONORABLE BRIAN K. TESTER
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Orlando Marini Roman, M.D., ("Dr. Marini") through his undersigned counsel, and very respectfully states and prays:

1. On September 1, 2010, Medical Educational and Health Services, Inc. ("MEDHS") initiated an adversary proceeding by filing a complaint against several parties, including Dr. Marini. (Docket #1).

2. On September 14, 2011, this Honorable Court issued an order setting a joint pre-trial hearing for November 9, 2011. (Docket #136).

3. Said order affirmatively indicated that the nature of the pre-trial hearing was exclusively limited to addressing the procedural and legal validity of the termination by the Municipality of Mayaguez of the August 27, 2009 lease contract executed between debtor,

Sistemas Integrados de Salud del Sur Oeste, Inc. ("SISSO") and the Municipality of Mayaguez ("Municipality").

4. As the aforementioned matter is the sole and only issue to be addressed, Dr. Marini requests relief from the requirement to participate in the pretrial hearing due to the undisputed fact that he is clearly not a party to that particular agreement and transaction at issue.

5. Dr. Marini is on a personal basis foreign and outside the scope and scheme of any possible determination of liability against any of the subscribing parties that may result from the termination of the lease contract at issue.

6. Any alleged liability pertaining to Dr. Marini in his personal capacity is outside the scope of the lease termination issue.

7. This, since it is well-established law that there is a presumption of plenary separation between a corporation's officer and director and the corporate business entity in that which regards possible personal liability of the officer.

8. This plenary separation undoubtedly exists between SISSO and the person of Dr. Marini, and no party has alleged otherwise. At all times material hereto, Dr. Marini appeared exclusively as an officer of SISSO; never in his personal capacity.

9. SISSO and Dr. Orlando Marini are, thus, two separate, independent persons standing on vastly different and separate grounds in that which pertains to the issue to be addressed by this Honorable Court in the pending pre-trial hearing.

10. Additionally, SISSO appears as a codefendant in the present case and said entity's legal counsel will appear and brief the issue. SISSO was indeed a party to the lease agreement.

11. It is also most imperative to note that it is an undisputed fact that on February 3, 2010, Dr. Marini formally sold his entire participation in SISSO to the acquiring company,

Mayaguez Medical Center – Ramon Emeterio Betances, Inc., through a Stock Purchase Agreement. Whether the lease between MEDHS, SISSO and the Municipality was validly terminated or not should have no bearing on this fact or on the claims asserted against Dr. Marini.

12. In fact, any determination by this Honorable Court regarding the validity of the termination of the lease contract between debtor, SISSO and the Municipality will neither serve toward Dr. Marini's personal detriment nor benefit.

13. In essence, Dr. Marini has no standing to challenge or defend the validity of the termination, and has no stake in the matter to be determined in accordance with the Court's order.

14. More importantly, again, since it is an undisputed fact that Dr. Marini did not appear in his personal capacity as a participant in the lease agreement, but merely as SISSO's representative, no duties or obligations reside within the person of Dr. Marini as to the validity of the termination of the lease contract.

15. All the aforementioned facts and circumstances merit and should allow Dr. Marini to be excused from the forthcoming pre-trial hearing, as the same has been limited solely to the validity of the lease termination.

16. In the meantime, Dr. Marini is employing and devoting all efforts in preparing his motion for summary judgment to comply with the deadline established by this Honorable Court. To this end, Dr. Marini will be advancing the resolution of this litigation.

**WHEREFORE**, Orlando Marini, M.D. respectfully requests this Honorable Court to grant this Motion excusing him from participation in the pre-trial proceedings scheduled for November 9, 2011, in connection with the case at bar.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on this 14th day of October 2011.

**I HEREBY CERTIFY**: That on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of the filing to parties in interest.

**O'NEILL & GILMORE, P.S.C.**
Citibank Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: (787) 620-0670
Fax: (787) 620-0671

By: ***Lucas A. Córdova-Ayuso***
Lucas A. Córdova-Ayuso, Esq.
USDC-PR No. 226805
E-mail: lcordova@go-law.com

By: ***Charles P. Gilmore***
Charles P. Gilmore, Esq.
USDC-PR No. 209614
Email: cpg@go-law.com