**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

MEDICAL EDUCATIONAL AND HEALTH
SERVICES

　　　　　　Debtor(s)

MEDICAL EDUCATIONAL AND HEALTH
SERVICES

　　　　　Plaintiff

vs.

MUNICIPALITY OF MAYAGUEZ, ET ALS.

　　　　　Defendant

CASE NO.  10-04905

Chapter  11

Adversary No.  10-00148

**FILED & ENTERED ON 06/04/2012**

## OPINION AND ORDER

This proceeding is before the Court upon Defendants' Motion To Alter Or Amend Judgment And/Or Motion for Reconsideration of Judgment [Dkt. No. 255], and the Plaintiff's Opposition to the Defendants' motion [Dkt. No. 293]. In essence, the Defendants request that the Court reconsider its conclusions of law entered on March 12, 2012 [Dkt. No. 249 and 250], under Federal Rules of Civil Procedure 59(e). For the reasons set forth below, the Defendants' Motion To Alter or Amend the judgment is hereby denied.

On September 1, 2010, Medical Educational and Health Services, Inc. ("Plaintiff") filed a complaint against the Municipality of Mayaguez, Et Als. ("Defendants") for among other causes of action - recovery of money/property, injunctive relief and declaratory judgment.

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil

Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under FRCP 59 or a motion for 'relief from judgment' under FRCP 60. Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).[1] If the motion is served after that time it falls under Rule 60(b)." Van Skiver, *supra,* 952 F.2d at 1243 (10th Cir. 1991); In re Rodriguez, 233 B.R. 212, 218–19 (Bankr. D.Puerto Rico 1999). In the instant case, Plaintiffs' motion to amend the judgment was filed eleven (11) days after the Court's judgment, as per FRCP 6(a). The Plaintiff argues 'mistake of law or fact' which is a determinative factor under both Rules. Therefore, the motion will be construed as one pursuant to FRCP 59(e) which is made applicable to bankruptcy cases by FRBP 9023. In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Bankr. Pro. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law.  402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).  Under Rule 59, reconsideration of a judgment is an extraordinary

---

1  The Rules now allow for fourteen days instead of ten from the entry of judgment.

remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). Conversely, Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court. Id. at 616 (citing FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). As the First Circuit noted in Harley-Davidson Motor, the rule is "aimed at reconsideration, not initial consideration." Id. at 616. (citing New Hampshire Dept. of Employment Sec., 455 U.S. at 450). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999) (Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected).

Defendants pray for the court to amend the judgment pursuant to Rule 59(e). Rule 59 is an extraordinary remedy. It was not created to allow litigants to prosper by recounting arguments that were previously heard and rejected by the court.

In this case, the arguments presented by Defendants were already considered and rejected by this court. Defendants allege that, although it did not follow the exact procedure established contractually between the parties, Plaintiff was notified properly because they received the notification. Defendants also argue that the contract allowed the Municipality of Mayaguez to unilaterally terminate the contract without written notice. Both of these theories were previously

rejected by this court. The contract clearly establishes the notification procedure to be followed in the event of a termination for lack of rent payments. Therefore, the contractual procedure should have been followed. Since the procedure was not followed, the termination was contractually invalid. The Defendants did not "clearly establish a manifest error of law or… present newly discovered evidence" in its motion to alter or amend judgment. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). Because the Defendants have failed to establish a manifest error of law, this Court finds that the Defendants are not entitled to reconsideration under Federal Rules of Bankruptcy Procedure, Rule 9023.

Defendants argue in the alternative that even if the contract was terminated incorrectly, Plaintiff should be barred from requesting specific performance. This argument pertains to the damages that might be awarded to Plaintiff. However, the scope of the trial was limited to the issue of liability. The trial did not include evidence or argumentation pertaining to the award of damages. Therefore, this argument falls outside the scope of the trial, and an argument that falls outside the scope of the trial cannot alter the judgment.

WHEREFORE, IT IS ORDERED that Defendants' motion requesting entry of order to alter or amend the judgment shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 4th day of June, 2012.

Brian K. Tester
U.S. Bankruptcy Judge