**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-04905** |
| | **Chapter 11** |
| **MEDICAL EDUCATIONAL AND HEALTH SERVICES, INC.** | **Adversary No. 10-00148** |
| **Debtor(s)** | |
| **MEDICAL EDUCATIONAL AND HEALTH SERVICES, INC.** | |
| **Plaintiff** | |
| **vs.** | |
| **MUNICIPALITY OF MAYAGUEZ, ET ALS.** | |
| **Defendant(s)** | **FILED & ENTERED ON 06/11/2012** |

**OPINION AND ORDER**

This proceeding is before the Court upon Plaintiff's Motion for Reconsideration to Amend Findings and Judgment [Dkt. No.'s 262 and 264] and the Defendants' Opposition to the Plaintiff's Motion [Dkt. No.'s 285 and 290]. In essence, the Plaintiff requests that the Court reconsider its findings of facts and conclusions of law entered on March 12, 2012 [Dkt. No. 249], under Federal Rules of Bankruptcy Procedure 7052 and Federal Rules of Civil Procedure 52. These findings of fact pertain to a complaint filed by Medical Educational and Health Services, Inc., ("Plaintiff") against

the Municipality of Mayaguez, Et Als., ("Defendant") on September 1, 2010, for among other causes of action - recovery of money/property, injunctive relief and declaratory judgment. For the reasons set forth below, the Plaintiff's Motion for Reconsideration to Amend Findings and Judgment is hereby denied.

## II. STANDARD OF REVIEW

Rule 52(b) permits "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Company v. Barclays American Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990). Rule 52(b) motions apply only when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. In re Braithwaite, 197 B.R. 834, 835 (Bankr. N.D. Ohio 1996) (citing Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)). "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" In re Novak, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (citing Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D.Fla. 1994)). Manifest error is defined as "an error that is obvious and indisputable and that warrants reversal on appeal". Merriam-Webster's Dictionary of Law (1st ed. 2001).

Motions to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits," Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). Rule 52(b) was not created to allow litigants to relitigate old issues. National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

### III. DISCUSSION

In the Plaintiff's Motion for Reconsideration to Amend Findings and Judgment, Plaintiff did not demonstrate the existence of manifest errors of law or fact in this Court's original findings. Also, the Plaintiff did not present newly discovered evidence.

Most of the proposed changes fall outside the scope of the trial. The trial was limited to determining whether the Defendant validly terminated its contract with the Plaintiff. Therefore, the trial was limited to the issue of liability. All of the Plaintiff's proposed conclusions of law and most of the Plaintiff's proposed additional findings of fact do not pertain to the procedure that was utilized by the Defendant to terminate the contract. The proposed additional fact (Dkt. No. 262, page 5, letter - l) is the only proposed fact that pertains to the termination procedure, but this proposed fact is actually a conclusion of law - a conclusion of law that was already adopted by this Court in its March 12, 2012 Opinion and Order.

Rule 52(b) is not intended to allow litigants to prosper by recounting arguments that were previously heard and rejected by the court. All of the proposed additions were previously heard at trial, and none of the Plaintiff's proposed amendments demonstrate that the original findings of facts and conclusions of law contain a manifest error.

Because the Plaintiff has failed to establish a manifest error - and because the proposed findings of fact and conclusions of law were previously heard at trial - this Court finds that the Plaintiff is not entitled to reconsideration under F.R.B.P., Rule 7052 or F.R.C.P., Rule 52(b).

WHEREFORE, IT IS ORDERED that Plaintiffs' Motion for Reconsideration to Amend Findings and Judgment shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 11 day of June, 2012.

Brian K. Tester
U.S. Bankruptcy Judge