# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| *IN THE MATTER OF:*<br>**Medical Educational & Health Services, Inc.**<br><br>              **DEBTOR**<br><br>**Medical Educational & Health Services, Inc.**<br><br>              *Plaintiff*<br><br>              V.<br><br>**Independent Municipality of Mayaguez, ET ALS.**<br><br>              *Defendants* | CASE NO: 10-04905 (BKT)<br><br>**CHAPTER 11**<br><br>Adversary NO. 10-00148 BKT |

### REQUEST FOR PRELIMINARY AND FOR PERMANENT INJUNCTION/ TO ENFORCE JUDGMENT AND PROTECT DEBTOR'S PROPERTY, INJUNCTIVE REQUEST TO ENFORCE AUTOMATIC STAY AND WRIT OF SEQUESTRATION

TO THE HONORABLE COURT:

COMES NOW, **Medical Educational & Health Services, Inc.**, **(MEDHS)**, through the undersigned attorney and respectfully requests:

1. This court has exclusive jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157(b)(1).

2. Pursuant to Bankruptcy Rule 7008(a), plaintiff states that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

3. The plaintiff, the debtor in this case, filed on February 2011 its original chapter 11 petition in the United States Bankruptcy Court for the District of Puerto Rico and at all times subsequent thereto has been a debtor in possession.

4. Plaintiff, Medical Educational and Health Services, Inc. ("MEDHS"), by its attorneys, pursuant to Rule 7065 of the Rules of Bankruptcy Procedure and Rule 65 of the Federal Rules of Civil Procedure and 11U.S.C. 105 (a), now moves this Court to issue a temporary and permanent restraining order, enjoining and restraining the Defendants in the above-captioned adversary proceedings.

5. The action has various purposes:

    a. To prevent defendants MMC/SISSO from entering the Mayagüez Medical Center and/or misrepresenting themselves as acting as Administrators and Lease Holders, or any other similar or related capacity, of the Mayaguez Medical Center Hospital;

    b. To issue an order, addressed to the entity that used to be known as Servicios Integrados de Salud del Sur Oeste (SISSO), known today as Mayagüez Medical Center - Dr. Ramón Emeterio Betances (MMC), requiring it to cease and desist from its ongoing efforts to construct extraordinary improvements on the Mayagüez Medical Center. The reason for the present request is that SISSO/MMC has failed to obtain the approval, from MEDHS, for performing said improvements, as required in the contract and required by written letter sent by MEDHS to MMC/SISSO. Furthermore, it has failed to provide evidence of adequate and complete permits as well of financial capacity to carry the works to a satisfactory end;

2

    c. To obtain an Order, addressed to the Municipality of Mayaguez and to SISSO/MMC, requiring them to cease and desist from entering into new contracts for the administration of the Hospital;

    d. To declare null and void all the contracts, public documents and all the registries of such documents at the Registry of Property and in the Contract Registry of the Comptroller of Puerto Rico that has been filed by MMC and the Municipality after Trial;

    e. MEDHS also requests an Order addressed to the Comptroller of Puerto Rico and to the Honorable Registrar of of Property, Mayagüez Part, enjoining them from recording and to cancel all post judgment presentation of Documents, Public Documents and Contracts for registry related to the administration and the real-estate of the Mayaguez Medical Center.

    f. MEDHS requests a writ of sequestration in order to protect the real estate leased by MEDHS from acts of sale, transfer or disposition to third parties.

6. In support of its motion, MEDHS relies on the allegations made in its Verified Complaint and Counterclaim filed as Adversary No. 10-00148 and 10- 00146 respectively, wherein Injunctive Relief is also requested. MEDHS also relies on the Judgment issued by this Honorable Court on March 12, 2012, Docket No. 249, on United State District Court, Case No. 3:12-cv-01620-DRD (Doc. No. 56), and on the Affidavit of Plaintiff in Support of Motion for TRO and Preliminary Injunction which set forth as follows.

**Statement of Facts and Grounds for Relief**

7. This Honorable Court entered partial judgment, in this case (Doc No. 249), where it determined that MEDHS contract with the Municipality was improperly terminated.

8. Given the improper termination, the logical and necessary conclusion is that the valid contract in place today is the one between the Municipality and MEDHS.

9. The above opinion was upheld by the United State District Court, Case No. 3:12-cv-01620-DRD (Doc. No. 56), in an opinion that drew tthe additional conclusion and stated that, regarding the present controversy, the party with the valid contract with the Municipality is MEDHS.

10. That tends to place Mayagüez Medical Center - Dr. Ramón Emeterio Betances (MMC) (the new name of Servicios Integrados de Salud del Sur Oeste (SISSO) as a result of their merger), in a rather precarious position. It has failed to pay rent for close to five years, which rent would have allowed a proper reorganization plan. It has failed to supply the necessary information regarding the conditions of the property and evidence of insurance. It has failed to pay utilities and only recently stipulated, with Autoridad de Acueductos y Alcantarillados, to prospectively pay for part of said services.

11. Furthermore, MMC/SISSO is improperly possessing and exploiting the Mayagüez Medical Center's parking. The fact is that the contract between MEDHS and SISSO (now MMC) provides no parking spaces for SISSO, reserving them as a source of cash for MEDHS. All the above failures, are with regard to essential conditions of the Contract.

12. Now a more serious violation takes place. SISSO-MMC has embarked on a program of extraordinary improvements which entails substantial demolition of existing facilities, to be later substituted for presumably better and more modern ones. Both contracts in effect, today, the one between MEDHS and the Municipality and the one between MEDHS and SISSO, require that SISSO (now MMC or SISSO/MMC) submit to MEDHS, prior to commencing any such project, proposed plans, for initial approval, and then proper permits and any other evidence of necessary compliances and capacity, before obtaining permission to go ahead. MEDHS needs not presume SISSO/MMC good-will, compliance with the law, or financial capacity to finish the project.

13. None of the above, has happened. Upon being required to comply, SISSO/MMC answered, ignoring both judgments and, claiming rights derived from the subsequent and, thus, invalid contract between MMC and the Municipality. In a curt and dismissive letter, SISSO/MMC expressed an unwillingness to comply with the contracts (<u>and the Judgments</u>) and brazenly admonished MEDHS against any further interfering with its business. SISSO/MMC's attitude is particularly shocking because it is in open disregard of both Judgments, entered by this and the District Court.

14. The above, of itself, should justify putting an immediate end to this new adventure by SISSO/MMC. The judgments are clear, they stand, and the requirements of both contracts are clear too. This Court has already expressed itself in no uncertain terms, regarding the importance of complying with the letter of the contracts.

15. But there is more to it. There is danger of serious damage to the Medical Center and, thus, to the estate. SISSO/MMC lost before this court, and also lost its intermediate

appeal to the U.S.D.C. After taking an appeal to the Court of Appeals, it abandoned the same, and sought a voluntary dismissal. Such action puts an end to any further review of the final judgment, decreeing that MEDHS' contract is valid. Hence, SISSO-MMC will have to report the event to its accountants and to the bank that is financing the ongoing projects in the medical center. It is highly improbable that, under those circumstances, funds will be made available to SISSO/MMC, to finish the improvements, even if they were acceptable to MEDHS. Thus the very serious risk exists, that a repeat of the prior, 5th and 6th floor experience, will take place. That is, the money and/or the will, to carry the improvements to completion, will probably not be available and Debtor and the Municipality will be left with a further depreciated hospital.

16. Furthermore, the contract in place, requires MEDHS to take the present course, in order to protect the Municipality's properties. Although, SISSO-MMC may very well have obtained the Municipality's permissions to carry out the improvements in question, we have no way of knowing it. MEDHS' original letter to MMC/SISSO requested information of that nature and was met with a flat dismissal. MEDHS knows its rights and obligations, though. Thus, the present petition.

17. MEDHS is the entity with the valid contract. No other entity can occupy the premises save by MEDHS permission or tolerance. The only entity, besides MARC, that was granted rights to occupy and administer the hospital and other facilities was SISSO. SISSO, now MMC, notwithstanding our repeated entreaties, has steadfastly refused to recognize the Judgments of this and the District Court. It has failed to pay rent, it has failed to take into consideration all of MEDHS different requests, pursuant to the contract, and is presently demolishing parts of the facilities with the avowed purpose of

6

improving them. Letters were sent by MEDHS to SISSO/MMC, requesting to see the plans and approvals. MEDHS' requests were steadfastly refused, in writing, and with total disregard to this Court and the District Court's Judgments. Please see Exhibit A (MEDHS Letter), Exhibit B (MMC/SISSO Response), Exhibit C (MEDHS Reply), Exhibit D (MMC/SISSO Sur-Reply). The Municipality played its part also. Please see Exhibit E (MEDHS letter to the Municipality) and Exhibit F (Municipality's Response).

18. The following specific acts of disregard of the judgments, besides the lack of payments and the physical alteration to the hospital without proper approval, among others, have been performed by the above defendants:

   a. On June 16, 2011, MMC (before the merger with SISSO) and the Municipality of Mayaguez amended the contract for the administration of the Medical Center, the first amendment to the contract. The same was presented and registered by the parties at the Office of the Comptroller of Puerto Rico. Please see Exhibit G.

   b. Without informing the parties in this case and without informing the Court, MMC and SISSO merged on June 23, 2011. They went through two appellate proceedings hiding the fact and avoiding to file their corporate disclosures. Please see Exhibit H.

   c. On the 6th of the September 2012, close to six months after judgment was entered in this case, MMC/SISSO presented, before the property registry in Mayaguez, a deed, number one, subscribed on the 11th of July, 2012, before notary public M. J. Santos Pratts. The deed segregates a portion of the land where the medical center in localized. In that same deed, a lease contract between the Municipality and MMC, invalidated by the judgments in this

7

case, was converted into a public instrument and presented for recording. The deed appears signed by the Mayor of Mayaguez, Jose Guillermo Rodríguez. By said act the above Defendants, jointly and with full knowledge, have presented a document to be recorded (It is still waiting turn for recording.) which misrepresents the legal status of the Mayaguez Medical Center. Please see Exhibit I and Exhibit M.

d. Defendants then used the deed or public document to obtain financing, which financing was guaranteed with a lien over the non-operative lease contract and, to our knowledge, over the actual physical facilities of the medical center. Please see Exhibit I and Exhibit M.

e. Presumably parts of the proceeds were used as capital to provide improvements to the Mayaguez Medical Center, but the lien is for $15 million dollars and there is no apparent reason to believe that such an amount of capital improvements have been performed in the Mayaguez Medical Center. Please see Exhibit I and Exhibit M.

f. On April 24, 2014 MMC/SISSO and the Municipality created and entered into a new agreement, modifying the contract for the administration of the Medical Center. The second amendment to the contract increased the lease to 50 more years. The same was presented and registered by the parties at the Office of the Comptroller of Puerto Rico. Please see Exhibit J.

g. On June 2, 2014 deed number 26 was signed, before notary José Clemente González, by Mayaguez Mayor, José Guillermo Rodríguez. In it, the Municipality sold the Mayaguez Medical Center and the adjacent parcel to a

8

corporation created by the Municipality of Mayaguez called Mayaguez Economic Development, Inc. Said deed was also presented for recording. Such acts were taken brazenly disregarding this court's judgment, and in violation of the automatic stay. The defendants are, and have been, fully aware of this proceedings and the judgments entered. Their actions are an illegal attempt to control, or affect, the principal asset of the estate, that is, the contract with the Municipality. Please see Exhibit I, Exhibit K, Exhibit L and Exhibit M.

h. On the 23rd of July, 2014 deed number 19, signed July 9, 2014, before notary Michelle Rachid Piñero, was presented for recording at the Property Registry. By it, Mayaguez Medical Center-Ramon Emeterio Betances Inc. (the new name of SISSO, represented by its president Jose Luis Quiros Jorge, and First Bank Puerto Rico, represented by its president Nelson González, modified and expanded the existing mortgage, for an additional 15 million dollars, in favor of First Bank Puerto Rico. The mortgage, after the above modification, stands at a total amount of 30 million dollars, with an interest rate of 12% per year. Please see Exhibit I and Exhibit M.

19. .All the above actions have been performed by parties in this case, in full knowledge of the existing judgment, which they have chosen to ignore.

20. The above course of action, followed by Defendant MMC/SISSO and the Municipality of Mayaguez gives rise to all kinds of actions and gives reasons to modify the remedies requested in the Complaint.

21. The events described above have caused, are causing and will cause immediate and irreparable injury to MEDHS. In fact, MEDHS' insolvency is due to MMC/SISSO's failure to pay its rent and return the parking, possibly the best source of cash flow in the medical center.

22. The actions regarding the real estate can only be viewed as an attempt to turn the judgments of this and the District Court into an empty documents, powerless to provide justice to MEDHS. They do so by attempting to create "innocent third parties", with interests in the Medical Center so substantial that MEDHS' contract becomes worthless.

23. The actions instituted by the defendcause are also in contravention of and in violation of the provisions of 11 U.S.C. § 362.

24. Unless the defendants are temporarily and permanently restrained from continuing the ilegal course of action described above, immediate irreparable injury, loss or damage will result to plaintiff and its creditors.

## THE APPLICABLE LAW

25. Since there is final judgment in the case, there is no need to meet the strict criteria of a preliminary injunction. This is a final or permanent injunction we are requesting, pursuant to the Judgments presently in place and the contract declared valid.

26. Regardless, Fed. R. Civ. P. 65, as incorporated by Bankruptcy Rule 7065, requires when seeking a temporary restraining order, that specific facts be shown by affidavit or verified complaint that immediate irreparable injury, loss or damage will result to

10

the applicant before the adverse party or that party's attorney can be heard in opposition.

27. 28 U.S.C. § 1746 permits the use of a declaration in lieu of a sworn statement with the same force and effect as a sworn statement.

28. Fed. R. Civ. P. 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or such party's attorney only if it clearly appears from affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse part can be heard in opposition and the applicant's attorney certifies to the court in writing the efforts, if any, made to give notice and the reasons why notice should not be given.

29. In that case, not only Debtor-Plaintiff and its right to the Automatic Stay to protect its property will be affected. The medical center will be markedly diminished. If it was difficult to find a willing entity to run it, five years ago, MEDHS being the only one willing to do so, now, with additional destruction of the facilities, it would prove even more difficult.

30. There is also the final reason why MEDHS demands a cease and desist of this and any future construction project, unless previously submitted to MEDHS for approval. The Civil Code provides that if the owner of a facility or a site, stands by passively, while an illegal tenant or occupier builds in the property, the illegal tenant will have the right to be compensated for the cost of the facility that he built, before being evicted. MEDHS cannot allow that to happen. In the present case, MEDHS has not stood by, but is aggressively pursuing its actions against SISSO/MMC. Notwithstanding the above, MEDHS cannot allow any such claim to gain traction and

be used to generate further litigation, as a strategy to delay the surrender of the premises.

31. SISSO has shown and continues to show complete unwillingness to accept the judgment of this Court and to recognize that MEDHS is its landlord. MEDHS cannot accept that state of affairs. MEDHS is currently a debtor-in-possession and has the fiduciary duty to seek to enjoin these illegal actions being undertaken to the detriment of the estate. Thus, it cannot accept any actions by SISSO/MMC that will tend to perpetuate that state of affairs, by creating costs that will have to be taken care of when evicting SISSO/MMC, should the need arise.

**WHEREFORE**, plaintiff prays, pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7065, for a preliminary injunction, restraining the defendant, its attorneys, agents and employees and successors from proceeding or continuing in any manner the legal actions commenced by the defendants in the Registry of Property and the Comptroller of Puerto Rico and further, the plaintiff prays for a preliminary and permanent injunction enjoining the defendant its attorneys, agents, employees and successors from proceeding with or continuing in any fashion the above described actions against the plaintiff, and for such other and further relief as is just. MEDHS also requests pursuant to the provisions of Rule 70(c) of the Federal Rules of Civil Procedure, to order the Clerk to issue a writ of attachment and sequestration of Mayaguez Medical Center Hospital and its premises as described in MEDHS/Municipality contractual agreement that is part of the record, that are in the possession of MMC/SISSO and the Municipality.

It is also respectfully requested that the Court enjoin defendants from accepting or requesting any additional disbursement guaranteed by a mortgage against the now null contract between

MMC/SISSO and the Municipality of Mayagüez and that it order MMC/SISSO to return forthwith all money obtained as loan, guaranteed, directly or indirectly, by the Mayagüez Medical Center.

Finally, it is requested that the deed segregating a part of the Medical Center and transferring it to a separate entity, be declared invalid and in contempt of court and that an Order be issued, directed to the Registrar of the Property, Mayagüez Part, requiring him/her to abstain from recording said transaction and any other of the ilegal transactions described in this document.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 23rd of January, 2015.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, including the U.S. Trustee.

/S/ *Rafael González Vélez*
**Rafael González Vélez**
USDC No. 124311
1806 Calle McLeary Suite 1-B
San Juan, PR 00911
Tel: (787) 726-8866
Fax: (787) 726-8877
Email: rgvlo@prtc.net

**Pursuant to 28 USCS § 1746, I Dr. Orestes Castellanos Rodriguez on behalf of Medical Educational And Health Services, Inc., the (plaintiff & debtor) in the foregoing (Injunctive Requests), declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

**Executed on: January 23rd, 2015**
**Signature:** _____

13