**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-04905** |
| | **Chapter 11** |
| **MEDICAL EDUCATIONAL AND HEALTH SERVICES INC** | **Adversary No. 10-00148** |
| **Debtor(s)** | |
| **MEDICAL EDUCATIONAL AND HEALTH SERVICES INC** | |
| **Plaintiff(s)** | |
| **vs.** | |
| **INDEPENDENT MUNICIPALITY OF MAYAGIEZ, ET ALS.,** | |
| **Defendant(s)** | **FILED & ENTERED ON 02/12/2015** |

## OPINION & ORDER

Before the court is Defendants, Municipality of Mayaguez and Jose Guillermo Rodriguez's (hereinafter jointly referred to as "Municipality") Urgent Motion to Set Aside Order [Dkt. No. 445], Defendant, Mayaguez Medical Center - Dr. Ramon Emeterio Betances, Inc.'s (hereinafter "MMC") Motion for Reconsideration and to Vacate Preliminary Injunction [Dkt. No. 447], and Debtor/Plaintiff Mayaguez Medical Educational Services, Inc.'s (hereinafter "MEDHS") Opposition [Dkt. No. 452]. The court notes from the onset that neither of Defendants' motions referred specifically to Federal Rule of Civil Procedure 59 or 60, made applicable to bankruptcy by Federal Rule of Bankruptcy Procedure 9023 and 9024, respectively, although MMC sets out the elements established by First Circuit case law to obtain relief.

Regardless, given the numerous factors argued by both the Municipality and MMC in their motions to vacate, the court will independently examine each in turn.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

The legal standard required to obtain redress under Fed.R.Civ.P. 59 or 60 is well trodden so we will give brief mention of it here. "A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under the Federal Rules of Civil Procedure, Rule 59 or a motion for 'relief from judgment' under Rule 60. Equity Security Holders' Committee v. Wedgestone Financial, 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). Which rule applies depends essentially on the time a motion is served. The timing of the Municipality and MMC's motions fall within the purview of Fed.R.Civ.P. 59(e), as they were filed within three (3) days of the court's order for injunctive relief. The court highlights that a motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the court. See, e.g., Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977). Accordingly, motions for reconsideration are appropriate only in a

limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005). See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992).

**FACTS AND PROCEDURAL BACKGROUND**

This case stems from a long-running dispute between the parties regarding the administration of the Mayaguez Medical Center Hospital facility (hereinafter "Hospital") pursuant to the Contract dated August 27, 2009 between MEDHS and the Municipality (hereinafter "Contract").The dispute over control of the Hospital is not new to this Court. Ample accounts of the litigation's origins can be found in our previous opinions,[1] wherein this Court laid out the detailed relationship among the parties. Since these rulings, several events have enriched the factual environment.

Following the denial of various post judgment requests by both parties, MMC filed an Urgent Motion For Issuance of Final Judgment [Dkt. No. 311]. MMC requested that the court certify that the partial judgment entered on March 12, 2012 [Dkt. No. 250], was a final judgment pursuant to Federal Rule of Civil Procedure 54(b). MMC justified their request by arguing that the " the balance of interests herein involved and the facts of the case clearly show that there is no just reason to delay appellate review at this juncture. Grave injustice would ensue if this Honorable Court delays an appeal in this case." See Urgent Motion Dkt. No. 311 pgs. 6-7. The

---

[1] In re Medical Educational and Health Services, Inc., Slip Copy, 2012 WL 1995789 (Bankr.D.P.R. June 04, 2012); In re Medical Educational and Health Services, Inc., Slip Copy, 2012 WL 844289 (Bankr.D.P.R. March 12, 2012); In re Medical Educational and Health Services, Inc., Not Reported in B.R., 2011 WL 2292309 (Bankr.D.P.R. June 07, 2011); In re Medical Educational and Health Services, Inc., 459 B.R. 527 (Bankr.D.P.R.2011).

court certified the partial judgment as final pursuant to Fed.R.Civ.P. 54(b) on June 18, 2012 finding "that there was no just reason to delay an appeal." [Dkt. No. 313]. Defendants timely appealed to the United States District Court for the District of Puerto Rico. On September 30, 2013, the District Court issued its Opinion which was prefaced with a finding that the court had jurisdiction to entertain the appeal referred from the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1).[2] The District Court affirmed this Court's March 12, 2012 Opinion and Order and stated:

> The Court further finds that the law is bound to be strictly followed, specially when, as in this case, the law and the contract in question is clear and unambiguous. The Court harbors no doubt that the bankruptcy court committed no error in concluding *that the notices provided were insufficient pursuant to the terms of the Contract, and hence, the Contract continues to be in effect.*

In re Medical Educational & Health Services, Inc., 500 B.R. 314 (D.P.R. 2013) (emphasis ours).

Judgment was entered by the District Court on September 30, 2013, and a timely Notice of Appeal to the United States Court of Appeals For the First Circuit (hereinafter "Court of Appeals") was filed by MMC, and another Defendant, Sistemas Integrados de Salud del Sur Oeste (hereinafter "SISSO") on October 25, 2013.[3] On October 6, 2014, the Court of Appeals entered a Judgment whereby the Appellees' (MEDHS) motion to dismiss for lack of prosecution was denied, and Appellants' (MMC, Municipality and SISSO) motion for voluntary dismissal

---

[2] In re Medical Educational & Health Services, Inc., 500 B.R. 314 (D.P.R. 2013). 28 U.S.C.A. § 158 states in relevant part: (a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

[3] The Municipality timely filed separately their Notice of Appeal on October 30, 2013.

was granted. [4] On January 24, 2015, MEDHS filed a Request for Preliminary and Permanent Injunction, which was opposed by MMC on January 26, 2015 [Dkt. No.'s 442 & 443]. On February 3, 2015, the court granted injunctive relief and issued a preliminary injunction against MMC and the Municipality and set a hearing to consider a permanent injunction to be held on February 17, 2015 [Dkt. No. 444]. The preliminary injunction was modified on February 6, 2015 [Dkt. No. 448].

**MMC AND THE MUNICIPALITY'S GROUNDS FOR RECONSIDERATION**

In their motions to vacate, MMC and the Municipality raise similar objections to the preliminary injunction, albeit with differing legal analysis and support. With an eye towards judicial economy, the court will combine and discuss the objections collectively.

### Notice and the Right to an Evidentiary Hearing

Both Defendants object on the basis that the court issued the preliminary injunction without first having given them notice and an opportunity to be heard. For reasons not fully explained by MMC, its objection as to the issue of the required notice and a hearing is prefaced by the heading "[a]lthough worded on[sic] different terms, the Court's order constitutes an improper temporary restraining order." See Dkt. No. 447, page 12. MMC goes on to cite the legal treatise, Federal Practice and Procedure (2d ed. 1995), and set forth the safeguards necessary before a temporary restraining order can be issued and argues that Fed.R.Civ.P. 65(b) imposes stringent restrictions for granting *ex parte* relief. "The stringent restrictions imposed by . . . Rule 65 . . . on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc.

---

[4] The Court of Appeals issued their Mandate on October 28, 2014.

v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974). "Specifically, MMC states that "[i]n this case, as previously stated, the so-called preliminary injunction was issued a few days after it was requested, before all the parties involved had had an opportunity to appear, and without a hearing being held. Such emergency relief is only available through Rule 65(b). But here MEDHS did not meet (or attempted to meet) any of the requirements of that Rule. Accordingly, the ensuing "preliminary injunction" is indeed a manifest error and an injustice and should be vacated." See Dkt. No. 447 pg.14.

As to the requirement that a hearing be held before the preliminary injunction was granted, MMC relies on a string of United States Supreme Court cases which "has counseled courts, in view of the protections afforded by the Due Process Clause, to "be particularly careful that the movant has produced compelling evidence of the threatened irreparable injury and has exhausted all reasonable efforts to give the adverse party notice and an opportunity to be present and introduce evidence at a hearing." 11A Federal Practice and Procedure § 2951 at 264 (citing Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337 (1969); Boddie v. Connecticut, 401 U.S. 371 (1971); Fuentes v. Shevin, 407 U.S. 67 (1972); and Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974)). Cf. Connecticut v. Doehr, 501 U.S. 1 (1991) (in the context of a state-law-based attachment order, reiterating due process concerns). "The stringent restrictions imposed by . . . Rule 65 . . . on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974).

In turn, the Municipality cites to Fed.R.Civ.P. 65(a) which states that a preliminary injunction can be issued only after notice to the adverse party, and to 2nd, 4th and 5th Circuit Court of Appeals case law which they claim states "that preliminary injunctions issued without

notice are usually dissolved." See Dkt. No. 445, pg.4. Their argument on this point can be summed up thus: "MEDHS filed the motion on January 24, 2015. *See* Dkt. 442. The Municipality's deadline to respond had by no means expired, and the Court never shortened these deadlines. The Court effectively issued its order without allowing the Municipality, or other Defendants, which the Due Process Clause protects, to be heard." See Dkt. No. 445, pg.5. Regarding the lack of an evidentiary hearing, the Municipality cites case law from the Courts of Appeal of the 5th and 7th Circuits for the proposition that if factual disputes are involved (e.g. genuine disputes of material fact created by a response to the preliminary injunction), the court must conduct an evidentiary hearing before issuing a preliminary injunction. See Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1171 (7th Cir. 1997); see also Kepa, Inc. v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1996). On the contrary, if no factual dispute is involved an evidentiary hearing is not required "as long as the parties are given a fair opportunity to present their views on the legal issues." See Campbell Soup Co. v. Giles, 47 F.3d 467, 470 (1st Cir. 1995).

The arguments raised and case law cited by MMC as to notice are not relevant to our inquiry here. The court did not issue a temporary restraining order under Fed.R.Civ.P. 65(b), but rather a preliminary injunction under Rule 65(a). The court's Preliminary Injunction Order neither mentions the term 'temporary restraining order' nor cites to Fed.R.Civ.P. 65(b).

The court concurs with the Municipality's restatement of Fed.R.Civ.P. 65(a) that no preliminary injunction may be issued without notice to the adverse party. MEDHS filed their Request for Preliminary and For Permanent Injunction (hereinafter "Request") [Dkt. No. 442] which contained the following certificate of service language:

> I HEREBY CERTIFY that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, including the

U.S. Trustee.

As the parties are well aware, the United States Bankruptcy Court for the District of Puerto Rico utilizes the Case Management/Electronic Case Filing (commonly referred to by its acronym CM/ECF) and requires that all documents submitted after February 22, 2005 be electronically filed. PR LBR 5005-4 sets forth these requirements in detail. Subsections (g) and (h) of this LBR mandate that once registered as an electronic filer, an attorney waives the right to receive notice by first class or certified mail and consents to receive notice electronically. MEDHS Request once filed generated a 'Notice of Electronic Filing' to all parties who appear in this instant adversary. The court does not, and did not at the time the Request was filed, discern any problems with the notice element of MEDHS' Request. This is evidenced by the fact that MMC filed their Opposition two (2) days after MEDHS' Request.

In broad terms, MEDHS and MMC state that they were denied due process because a hearing was not held prior to the issuance of the preliminary injunction. This fact, they argue, gives rise to their conclusion that the court's actions constituted manifest error and an injustice - both factors to consider under Fed.R.Bankr.P. 59(e). The court differs. A preliminary injunction only has the effect of maintaining the positions of the parties. It neither replaces an evidentiary hearing nor does it represent an adjudication of the merits. See DeNovellis v. Shalala, 135 F.3d 58 (1stCir.1998). The appellant in the Campbell Soup Company case challenged the District Court's ruling denying their request for injunctive relief on procedural grounds - "arguing that the court erred in denying the preliminary injunction without conducting an evidentiary hearing." Id. at 470. The panel in the Campbell Soup Company case ruled that:

> "an evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction" under Fed.R.Civ.P. 65. Aoude v. Mobil Oil Corp., 862 F.2d 890, 893 (1st Cir.1988). Unlike some other courts that have adopted "categorical rules" in this regard, we have indicated that "the balancing between speed and practicality versus

accuracy and fairness" should be entrusted to the district court's discretion. <u>Jackson v. Fair</u>, 846 F.2d 811, 819 (1st Cir.1988). As such, the lower court's determination as to the need for an evidentiary hearing will be overturned "only if a clear abuse of discretion is shown." (citation omitted).

<u>Id.</u> The Municipality misconstrues the panel's findings in <u>Campbell Soup Company</u> when they state that this case stands for the proposition that when there is no factual dispute the court need not hold an evidentiary hearing before ruling *only if* the parties are given a fair opportunity to present their views on the legal issues.[5] As will be discussed in further detail below, the matters at issue between the parties in this proceeding are not factual in nature, but rather legal, and the facts were established at the trial held in 2012 and remain unrefuted. Moreover, Fed.R.Civ.Pro. 65(a) and First Circuit jurisprudence do not require the court to hold an evidentiary hearing before issuing a preliminary injunction. <u>Pic Design Corp. v. Bearings Specialty Co.</u>, 436 F.2d 804, 808 (1st Cir.1971). While an evidentiary hearing may be required where facts are controverted, <u>Sims v. Greene</u>, 161 F.2d 87, 88–89 (3d Cir.1947), a court may rely on affidavits and pleadings alone where basic facts are not disputed. <u>Ross–Whitney Corp. v. Smith Kline & French Lab</u>, 207 F.2d 190, 198 (9th Cir.1953). <u>See</u> <u>also</u> <u>International Paper Co. v. Inhabitants of the Town of Jay</u>, 672 F.Supp. 29 (D.Me.1987).

The court took under consideration the Opposition filed by MEDHS [Dkt. No. 443], and waited ten (10) days before issuing the Preliminary Injunction Order and scheduling the hearing to consider the permanent injunction. Requests for injunctive relief are treated expeditiously by their very nature. The court allowed ample time for the Defendant's to state their position.

---

[5] The exact language, with their emphasis shown, from the Municipality's Urgent Motion [Dkt. No. 445, page 4, paragraph 6] is: If, on the other hand, no factual dispute is involved, and[sic] evidentiary hearing is not required, **as long as the parties are given a fair opportunity to present their views on the legal issues**. *See Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995).

**No Supporting Documentation Provided by MEDHS**

MMC argues that despite its many "bald contentions," MEDHS's Request contained no affidavit or any other form of written declaration. It did not discuss, mention or allude to the preliminary injunction standard nor contain a single case law citation. MEDHS also failed to explain how or why it had met the stringent circumstances necessary to obtain the extraordinary relief requested. MMC asserts that "all MEDHS provided to the Court were passing, superficial references to documents obtained, and communications held, many months ago. It also advanced the tired and unsubstantiated contention that the MEDHS's Contract remained in effect today." See generally Dkt. No. 447. In their Opposition, MEDHS states that the Verified Complaint was incorporated, by reference, a Statement Under Penalty of Perjury was included on the last page, and that multiple exhibits were included, one for every assertion of fact, some of which were self authenticating. In addition, the two Judgments issued by this Court and the District Court are part of their supporting documentation. Upon review of the documentation submitted with the Request, the court determined, in its discretion, that they served to support MEDHS position clearly and specifically.

**Dictum**

Both MMC and the Municipality contend that the District Court's September 30, 2013 Opinion affirming this Court's March 12, 2012 Opinion and Order included "inconsequential seven-word dicta[sic] ("the Contract continues to be in effect")," and that this Court's reliance on such dictum constitutes manifest error. Be that as it may, courts often, quite properly, give considerable weight to dictum—particularly to dictum that seems considered as opposed to casual. See, e.g., McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 19 (1st Cir.1991). The panel in McCoy determined that they were "both unable to ignore it and unwilling to do so... in evaluating dicta, [m]uch depends on the character of the dictum. Mere obiter may be entitled

to little weight, while a carefully considered statement ..., though technically dictum, must carry great weight, and may even ... be regarded as conclusive." Id.

Regardless, the lengthy examination and argumentation undertaken by MMC and the Municipality over the District Court's determination that the Contract was still in effect is misguided. The District Court stated a result or consequence that could be logically drawn from the existence of a set of facts by the exercise of common sense and reason. Whatever the rationale, the District Court reviewed this Court's March 12, 2012 Opinion & Order under the 'standard of review' which requires that rulings of law be reviewed de novo. The District Court made a legal, not a factual, determination that the Contract continued to be in effect given the fact that it was never validly terminated. If MMC, SISSO and MEDHS (the Appellants) understood this legal conclusion to be erroneous, their sole recourse was to appeal and argue to the appellate court the reasons why they considered the lower Court's conclusion inappropriate. Although a second tier appeal followed, that appeal was voluntarily dismissed. As such, the Judgment of the District Court is now final and unappealable.

**Federal Rule of Civil Procedure 54(b)**

Ordinarily, a judgment is final (and, thus, appealable) only if it conclusively determines all claims of all parties to an action. See generally Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Rule 54(b), as made applicable to adversary proceedings by Bankruptcy Rule 7054, sets forth one exception to the so-called "final judgment rule." It provides:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b).

The First Circuit strongly disfavors entry of final, partial judgments and has repeatedly stated that Rule 54(b) should be used sparingly. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir.1996) ("Piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."). See also Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir.1993). [6]

Following this Court's March 12, 2012 Opinion and Order, Defendant's MMC and SISSO moved to characterize the Partial Judgment entered on March 12, 2012 [Dkt. No. 250] as a judgment pursuant to Fed.R.Civ.P. 54(b). In their request, the Defendant's affirmed that given the court's rulings to hold a separate trial to first address the issue of termination, there was no question that the Partial Judgment met the finality requirement of Rule 54(b).[7] MMC and the Municipality now argue adversely, that the Partial Judgment is a yet reviewable interlocutory order. The finality of the Partial Judgment was not raised by the parties in the appeal to the District Court, nor did it curtail the District Court's ability to render their Opinion and subsequent Judgment affirming this Court's March 12, 2012 Opinion and Order. Notwithstanding MMC and the Municipality's unsubstantiated and henceforth irrelevant recounting of the procedural events

---

[6] Generally, appellate courts are charged with reviewing the propriety of entry of a partial final judgment under Rule 54(b). See Lee–Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20 (1st Cir.2008); State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir.1996). First, the Panel must determine whether the district court properly determined that the judgment had the "requisite aspects of finality." See State Street, 87 F.3d at 1489 (citing Darr v. Muratore, 8 F.3d 854, 862 (1st Cir.1993); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir.1988)). This requires that the order in question disposed of all the rights and liabilities of at least one party as to at least one claim. Credit Francais Int'l, S.A. v. Bio–Vita, Ltd., 78 F.3d 698, 706 (1st Cir.1996); see also State Street, 87 F.3d at 1490; Spiegel, 843 F.2d at 43 (court must be sure "that the ruling, at a bare minimum, disposes fully of at least a single substantive claim"). This determination is "largely discretionary, to be exercised in light of 'judicial administrative interests as well as the equities involved,' and giving weight to 'the historical federal policy against piecemeal appeals.' " Id., quoting, Reiter v. Cooper, 507 U.S. 258, ——, 113 S.Ct. 1213, 1218, 122 L.Ed.2d 604 (1993) (citations omitted).

[7] In the Urgent Request for Certification [Dkt. No. 311], MMC and SISSO stated that "[g]iven that a trial was already held in this case, it is particularly important to allow MMC to immediately exhaust appellate remedies. ...[G]rave uncertainty exists regarding the consequences of the Court's decision that the termination was not effective. For example, MMC's efforts to secure funding and other resources to operate and develop the Hospital have been stalled given that this Honorable Court's decision casts doubt on the validity of MMC's contract with the Municipality for the administration of the Hospital.

and the legal substance argued in the Court of Appeals proceeding, that action was voluntarily dismissed without a ruling on the jurisdictional question being presented by MMC and the Municipality at this juncture. The court stands by its original legal conclusion that both Judgments issued are now final and unappealable.

**The Requirement of Security under Fed.R.Civ.P. 65(c)**

The express language of Federal Rule of Bankruptcy Procedure 7065 relieves a debtor from the mandatory obligation of giving security ordinarily required by Fed.R.Civ.P. 65(c) before the issuance of a preliminary injunction. If no bond is required, no error can be claimed for not requiring one in the Preliminary Injunction Order. Furthermore, MMC fails to cite any convincing or binding authority that a bond should be required or needed particularly in light of the Modified Preliminary Injunction [Dkt. No. 448].

**Analysis of Requirements under 11 U.S.C. § 105(a)**

Section 105(a) of the Bankruptcy Code provides the court with the authority to exercise its equitable powers when necessary or appropriate to facilitate the implementation of other provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). "[A]lthough § 105(a) does not itself create a private right of action a court may invoke § 105(a) if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code." In re Nosek, 544 F.3d 34, 43 (1st Cir.2008). However, Section 105(a) may not be invoked "where the result of its application would be inconsistent with any other Code provision or it would alter other substantive rights set forth in the Code." Id.

The First Circuit has established the four (4) standard factors a movant must satisfy to obtain injunctive relief under 11 U.S.C. § 105(a) as follows: "(1) that the debtor would suffer irreparable injury if the injunction were not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on a defendant; (3) that the debtor has exhibited a

likelihood of success on the merits; (4) that the public interest will not be adversely affected by the granting of the injunction." In re Bora Bora, Inc., 424 B.R. 17, 25 (Bankr.D.P.R. 2010), citing In re Codfish, 97 B.R. 132, 135 (Bankr.D.P.R.1988), citing In re Supermercado Gamboa, Inc., 68 B.R. 230, 232 (Bankr.D.P.R. 1986); In re R & G Fin. Corp., 441 B.R. 401, 410 (Bankr.D.P.R. 2010). The First Circuit has recognized the first and third factor, irreparable harm and likelihood of success, as "the most important" in the calculus. González-Droz v. González-Colón, 573 F.3d 75, 79 (1st Cir. 2009); Bruns v. Mayhew, 750 F.3d 61 (1st Cir. 2014).

MMC argues that MEDHS did not meet the legal standard required and that the court erred when it "completely overlooked the foregoing controlling law." See Dkt. No. 447, page 15]. The Municipality stressed that "the Court did not even independently rule that the asserted injuries are truly "actual and imminent," or whether they are something with a monetary restitution cannot redress." Moreover, "the preliminary injunction standard played no role in the Court's extraordinary determination." [Dkt. No. 445, pages 6-7]. Whereas the Defendants cleave to a tendentious standard of the discretionary ability afforded federal courts under Section 105, the court measured the legal impact of the Judgments existent in this case and the legal rights afforded to MEDHS as a *Debtor in Possession.*

The court will briefly discuss the four prongs considered in granting MEDHS' Request for injunctive relief. The first prong, that the debtor suffer irreparable harm is present. "Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." Rio Grande Community Health Center Inc. v. Rullan, 397 F.3d 56 (1st Cir.2005). To establish irreparable harm the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996). "If

the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." Id.

Ordinarily, the availability of monetary damages prevents a plaintiff from showing the irreparable injury required for preliminary injunction. There is an exception, however, where a plaintiff corporation faces imminent bankruptcy without the preliminary injunction. See Doran v. Salem Inn, Inc., 422 U.S. 922, 932, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)( certainly the latter type of injury sufficiently meets the standards for granting interim relief, for otherwise a favorable final judgment might well be useless.); Public Serv. Co. v. Patch, 167 F.3d 15, 27 (1st Cir.1998). The court gave heavy weight to the documentation provided by MEDHS which appears to show the undermining of the value and marketability of its Contract with the Municipality, represented by MMC and the Municipality's attempt to load the Medical Center with debt.

The second prong, the relative harm to be suffered or the balance of relevant positions, is met by MEDHS because the degree of harm that would be imparted to the debtor and its estate outweighs the harm that Defendants would face if a preliminary injunction were not issued, given that the preliminary injunction will not invalidate the alleged rights of Defendant's it will simply delay the determination of those rights. See Lazarus Burman Assocs. v. National Westminster Bank USA, 161 B.R. 891, 901 (Bankr.E.D.N.Y.1993).

The third prong, "likelihood of success," has been defined for the purposes of an injunction in a bankruptcy case "as the probability of a successful reorganization." Id. at 901. With the Judgments emitted by this Court and the District Court, there is a reasonable likelihood of a successful reorganization. Finally, the fourth prong, the public interest in the context of a bankruptcy proceeding, consists in promoting a successful reorganization. Id. This court concluded that the public interest was best protected if the Debtor was afforded the opportunity

to work in their reorganization rather than having to face adverse economic consequences stemming from the continued financial activity of MMC and the Municipality.

**CONCLUSION**

Other objections and comments raised in MMC and the Municipality's motions to vacate, and not delved into by this Opinion and Order, were not brought to the fore given their extraneous nature.   After considering arguments from both parties, the court finds that Defendants MMC and the Municipality offer no compelling facts or law in support of their motions to vacate the court's February 3, 2015 Preliminary Injunction Order or its subsequent February 6, 20145 Modified Preliminary Injunction Order.   Rather, in disagreeing with this Court February 3, 2015 Order, Defendants attempt to raise new arguments at reconsideration to sway the courts findings. Debtor's arguments, however, do not warrant reconsideration by this court.

To succeed, motions pursuant to Fed. R. Civ. P. 59(e) must present newly discovered evidence, an intervening change in the law, establish a manifest error of law or demonstrate that it was clearly unjust. MMC and the Municipality have not presented any controlling jurisprudence that the court overlooked, nor met any of the elements required for reconsideration, thus the Municipality's Urgent Motion to Set Aside Order and MMC's Motion for Reconsideration and to Vacate Preliminary Injunction [Dkt. No.'s 445 and 447]are DENIED.

SO ORDERED

San Juan, Puerto Rico, this 12th day of February, 2015.

Brian K. Tester
U.S. Bankruptcy Judge